**Paul SATTERFIELD, Petitioner,**

v.

**Philip L. JOHNSON; the District Attorney of the County of Philadelphia; and the Attorney General of the State of Pennsylvania, Respondents.**

**Civil Action No. 02–0448.**

United States District Court, E.D. Pennsylvania.

Sept. 6, 2002.

Paul Satterfield, Pittsburgh, PA, pro se.

Thomas Dolgenos, Assistant District Attorney, J. Hunter Bennett, Philadelphia, PA, for Respondents.

## *MEMORANDUM*

DuBOIS, District Judge.

## I. *INTRODUCTION*

Petitioner, Paul Satterfield, is a state prisoner currently serving a life sentence at the State Correctional Institution, Pittsburgh, Pennsylvania. His sentence arises out of a June 10, 1985, conviction for first-degree murder and possession of an in-

strument of crime. On January 23, 2002, petitioner filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Document No. 1).[1] On March 25, 2002, this Court referred the petition to United States Magistrate Judge Peter B. Scuderi. After respondents filed a response to the petition, on May 29, 2002, Judge Scuderi issued a Report and Recommendation (Document No. 8, filed May 29, 2002) ("R & R") recommending that the petition be dismissed on the ground that it was filed beyond the one-year statute of limitations under 28 U.S.C. § 2244(d).

Presently before the Court are Petitioner's Objections to Magistrate Judge's Report and Recommendation (Document No. 11, filed June 14, 2002). In that filing, petitioner states a number of objections to Judge Scuderi's Report and Recommendation, most relevant of which are those pertaining to the timeliness of the petition under § 2244(d). Upon review of the objections relating to timeliness, the Court reaches a different conclusion than Judge Scuderi with respect to statutory tolling under § 2244(d). This conclusion will require further analysis as to the timeliness of the habeas petition. Accordingly, the Court will sustain petitioner's objections as to statutory tolling, and remand the petition to Judge Scuderi for further consideration and submission of a supplemental report and recommendation. Petitioner's

remaining objections will be overruled without prejudice.

## II. *PROCEDURAL HISTORY*

Petitioner appealed his June 10, 1985, conviction and his life sentence to the Pennsylvania Superior Court, which affirmed the conviction and sentence on July 22, 1987. *Commonwealth v. Satterfield,* 369 Pa.Super. 652, 531 A.2d 528 (1987) (table). Petitioner then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, and the petition was denied on January 27, 1988. *Commonwealth v. Satterfield,* 517 Pa. 630, 539 A.2d 811 (1988) (table).

On April 1, 1996, petitioner filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum—Inter Alia—King's Bench Matter" in the Supreme Court of Pennsylvania. That court denied the petition on June 7, 1996,[2] and, thereafter, on October 11, 1996, denied petitioner's petition for reconsideration.[3]

Some time between January 13, 1997 and January 16, 1997,[4] petitioner filed a *pro se* petition attacking his conviction under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* ("PCRA"). After counsel was appointed, petitioner requested that he be permitted to proceed *pro se,* which request the PCRA court granted. Thereafter, on September 21, 1998, the Court of Common Pleas denied petitioner's *pro se* petition.

---

1. Under the "prison mailbox rule," the petition is considered as having been filed on the date petitioner gave the petition to prison authorities for mailing. *Burns v. Morton,* 134 F.3d 109, 112–13 (3d Cir.1998). Thus, the Court considers the petition filed as of January 23, 2002, the date on which petitioner submitted it for mailing, rather than the date on which it was actually filed with the Court, January 28, 2002.

2. The Supreme Court of Pennsylvania's denial of the "Petition for Writ of Habeas Corpus Ad

Subjiciendum—Inter Alia—King's Bench Matter" is not reported. Respondents do not, however, challenge the date of the denial.

3. Respondents state that they have no record of this denial. They do not, however, contest the fact that the petition for reconsideration was filed.

4. As discussed below, the date on which the PCRA petition was filed is the subject of one of petitioner's objections.

The Superior Court affirmed that ruling on August 22, 2000. *Commonwealth v. Satterfield*, 764 A.2d 1128 (Pa.Super.2000) (table). The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on April 30, 2001. *Commonwealth v. Satterfield*, 565 Pa. 669, 775 A.2d 805 (2001) (table). Petitioner then filed the instant § 2254 petition on January 23, 2002.

## III. DISCUSSION

### A. RELEVANT STATUTE OF LIMITATIONS

The instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which codified a one-year statute of limitations for actions brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Unless one of three exceptions apply, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), the statute runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, that would mean that the one-year statute began to run ninety days after January 27, 1988, the final date on which petitioner could have petitioned for certiorari after the Supreme Court of Pennsylvania declined consideration of petitioner's direct appeal. The Third Circuit has decided, however, that, for a petitioner whose conviction became final before AEDPA's enactment, the one-year statute of limitations is treated as running from the date of that enactment, April 24, 1996. *Burns v. Morton*, 134 F.3d 109, 111–12 (3d Cir. 1998); *see also Morris v. Horn*, 187 F.3d 333, 337 (3d Cir.1999).

Without any tolling of the statute, petitioner would be barred from filing a habeas petition after April 23, 1997. AEDPA further provides, however, that the statute should be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case, petitioner filed two state-court actions, the "Petition for Writ of Habeas Corpus Ad Subjiciendum—Inter Alia—King's Bench Matter" filed on April 1, 1996 (hereinafter, "the King's Bench petition"), and the PCRA action filed in January 1997. A threshold question for assessing the timeliness of the instant habeas petition is whether these state-court actions constitute "properly filed application[s] for State post-conviction or other collateral review" under § 2244(d)(2) such that the AEDPA statute of limitations would be tolled for the time period during which they were pending.

### B. THE REPORT AND RECOMMENDATION: CALCULATION OF PETITIONER'S FILING DEADLINE UNDER AEDPA

Judge Scuderi, in addressing the effect of petitioner's state-court petitions, concluded that the King's Bench petition was not a properly filed state collateral attack. He did so on the ground that petitioner's King's Bench petition "essentially sought a remedy that was not available under Pennsylvania law." R & R at 5–6. The remedy was not available, Judge Scuderi explained, because the PCRA explicitly states that a PCRA petition "shall be the sole means of obtaining collateral relief" and that the PCRA "encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. Likewise, the remedy was not available because, "under state law, the authority to hear a collateral appeal lies with the Pennsylvania Court of Common Pleas and not the Supreme Court." R & R at 6 (citing 42 Pa.C.S.A. § 9545(a)). Because the remedy petitioner sought in the

King's Bench petition was not available under Pennsylvania law, Judge Scuderi concluded that the petition was not "properly filed" under § 2244(d)(2), and, accordingly, that it did not toll the AEDPA statute of limitations.

Additionally, Judge Scuderi determined that, because the King's Bench petition was not properly filed, petitioner's petition for reconsideration of the Supreme Court of Pennsylvania's dismissal of the King's Bench petition could not be viewed as "properly filed." In doing so, Judge Scuderi also noted Pa. R.App. P. 3309, which governs King's Bench matters and does not explicitly permit petitions for reconsideration. That determination by Judge Scuderi led him to conclude that the AEDPA statute of limitations was not tolled while the petition for reconsideration was pending.

Judge Scuderi did, however, determine that the PCRA petition was "properly filed" under § 2244(d)(2). Thus, he concluded, the AEDPA statute of limitations was tolled during the pendency of that petition—from January 16, 1997, the date Judge Scuderi adopted as the date petitioner filed the PCRA petition, through April 30, 2001, when the Supreme Court of Pennsylvania denied the petition for allowance of appeal.

Based on this analysis, Judge Scuderi calculated petitioner's deadline for filing a federal habeas petition, as follows. The statute began to run on April 24, 1996, the date AEDPA was enacted. It ran for 268 days until January 16, 1997, when petitioner filed his PCRA petition, tolling the statute of limitations under § 2244(d)(2). The statute then began to run again at the end of the tolling period, on April 30, 2001, the date on which the Supreme Court of Pennsylvania denied petitioner's petition for al-

lowance of appeal. It expired 97 days later, on August 5, 2001. Because petitioner filed the § 2254 petition more than five months later, on January 22, 2002, Judge Scuderi concluded the petition was time barred.

## C. PETITIONER'S OBJECTIONS

In his objections, petitioner argues, *inter alia*, that his King's Bench petition and petition for reconsideration with respect to the King's Bench petition, should be considered as "properly filed" under § 2244(d)(2). Should the King's Bench petition and petition for reconsideration be viewed as tolling the limitations period under § 2244(d)(2), the AEDPA statute of limitations would not have run from April 24, 1996; instead, it would have run from October 11, 1996, the date the petition for reconsideration was denied. Assuming, *arguendo*, that petitioner filed his PCRA petition on January 16, 1997, the date Judge Scuderi adopted, the statute would have run for 98 days until that date. The running of the statute would then have tolled until the conclusion of the PCRA proceedings on April 30, 2001. From that date, petitioner had 267 days to file his habeas petition, or until January 21, 2002. Thus, assuming that the King's Bench petition and the petition for reconsideration were "properly filed," petitioner's filing of the § 2254 petition on January 23, 2002, would have been untimely by two days.

However, petitioner's additional objection as to the date on which his PCRA petition was filed, if sustained, would render his habeas petition timely. Specifically, petitioner objects to Judge Scuderi's adoption of January 16, 1997, as the date on which the PCRA petition was filed, and argues that the petition was actually filed, under the prison mailbox rule,[5] on January

---

5. The "prison mailbox rule," *see supra* note 1, applies in Pennsylvania. *Commonwealth v.*

*Jones,* 549 Pa. 58, 700 A.2d 423, 426 (1997).

13, 1997, when he gave the PCRA petition to prison authorities for mailing. Should the Court adopt January 13, 1997, as the date on which the PCRA petition was filed, petitioner's filing deadline would be extended by three days, and January 23, 2002, the date on which he filed, would have been the next to last day of the one-year statutory period.

## D. ANALYSIS OF PETITIONER'S OBJECTIONS

The Court must resolve two issues: (1) the date on which the PCRA petition was filed and (2) whether the King's Bench petition and the subsequent petition for reconsideration constitute "properly filed application[s] for State post-conviction or other collateral review" under § 2244(d)(2). The Court addresses these issues in reverse order.

### 1. Tolling During Pendency of King's Bench Petition and Petition for Reconsideration

■ At the outset, the Court notes its agreement with Judge Scuderi that, in filing the King's Bench petition and the subsequent petition for reconsideration, petitioner was seeking "a remedy that was not available under Pennsylvania law." R & R at 5–6. Pennsylvania law is abundantly clear that the only means of collaterally attacking a conviction is via a PCRA petition. *See* 42 Pa.C.S.A. § 9542. It is not so clear, however, that the unavailability of a remedy sought in a state-court petition removes the petition from the realm of "properly filed" state collateral attacks.

This Court discussed this issue in its recent decision, *Washington v. Byrd,* No. 00–6389, 2002 WL 461729, at *4–6 (E.D.Pa. March 22, 2002).[6] In *Washington,* the pe-

titioner had filed a state-court habeas corpus petition, as opposed to a PCRA petition. The Superior Court dismissed the petition on the ground that the writ of habeas corpus had been subsumed by the PCRA. *Id.* at *2. In this Court, petitioner argued that the state habeas petition was "properly filed" and tolled the AEDPA statute of limitations. This Court addressed the issue, but, because the question was not necessary to a decision in *Washington,* the Court did not rule on it. However, the Court's analysis of the issue in *Washington* is equally applicable to this case; the Court therefore sets forth an adaptation of its analysis from *Washington:*

The Superior Court's grounds for dismissing the habeas corpus petition at issue in *Washington*—that the petitioner's requested remedy of habeas corpus was subsumed by the statutory PCRA remedy— might suggest that the petitioner's action was not "properly filed" because it sought a remedy that was unavailable under Pennsylvania law. The Third Circuit, however, has adopted a "flexible approach" in determining whether an action is in fact properly filed. *Nara v. Frank,* 264 F.3d 310, 315 (3d Cir.2001). Specifically, the Third Circuit has held that § 2244(d)(2) "covers 'various forms of state review,'" *id.* (quoting *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999)), and it has "rejected 'the notion that a meritless PCRA petition cannot constitute a "properly filed application" under § 2244(d)(2).'" *Id.* (quoting *Lovasz v. Vaughn,* 134 F.3d 146, 149 (3d Cir. 1998)). This approach draws support from a recent Supreme Court decision where "[t]he Court stated that 'an application is "properly filed" when its delivery and acceptance are in compliance with the appli-

6. The Third Circuit denied a request for a certificate of appealability in *Washington* on August 22, 2002, and "[f]or substantially the reasons set forth in [this Court's] opinion," ruled that the petition was barred by the statute of limitations. *Washington v. Byrd,* No. 02–2136, slip op. (3d Cir. Aug. 22, 2002).

cable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.' " *Id.* at 316 (quoting *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)).

In light of these principles, the Third Circuit concluded in *Nara* that a state-court motion to withdraw a guilty plea *nunc pro tunc* eleven years after conviction was "akin to an application for state post-conviction or other collateral review" and "properly filed" for tolling purposes under § 2244(d)(2). *Id.* at 316. The cases on which the Third Circuit relied in *Nara* further demonstrate the flexibility of the "properly filed" inquiry. *See, e.g., Artuz,* 531 U.S. at 7–8, 121 S.Ct. 361 (holding that statute of limitations was tolled while state court was considering prisoner's motion to vacate conviction even though motion was procedurally barred under state law); *Dictado v. Ducharme,* 244 F.3d 724 (9th Cir. 2001) (holding state court actions characterized as "repetitive and untimely" were "properly filed"); *Villegas v. Johnson,* 184 F.3d 467, 469–70 (5th Cir.1999) (holding that petition dismissed by state court as successive or an abuse of the writ was "properly filed"); *Lovasz,* 134 F.3d at 148–49 (holding second or successive PCRA petition tolled statute of limitations). Further, since *Nara,* Chief Judge Giles and Judge Shapiro of this Court have held that PCRA petitions untimely filed under Pennsylvania law are nonetheless "properly filed" and toll the AEDPA statute of limitations. *See Pace v. Vaughn,* 2002 WL 485689, at \*5 (E.D.Pa. March 29, 2002)

(Giles, C.J.); *Rosado v. Vaughn,* 2001 WL 1667575, at \*3 (E.D.Pa. Dec.28, 2001) (Shapiro, J.); *Cooper v. Vaughn,* 2001 WL 1382493, at \*3–4 (E.D.Pa. Nov.6, 2001) (Shapiro, J.).

The petition at issue in *Washington* presented a different question than that presented in the above-cited cases. As opposed to submitting an untimely or second/successive collateral attack as did the petitioners in the above-cited cases, the petitioner in *Washington,* in his state habeas corpus action, essentially sought a remedy not available under Pennsylvania law. It is not clear from the above cases whether the Third Circuit's "flexible approach" would include such an action within the realm of "properly filed" collateral attacks, and the matter is further complicated by the fact that Pennsylvania courts have, in some cases, characterized *pro se* petitions for habeas corpus relief as PCRA petitions. *See Commonwealth v. Weimer,* 2000 PA Super 199, 756 A.2d 684, 685 (2000) (citing *Commonwealth v. DiVentura,* 1999 PA Super 124, 734 A.2d 397, 398 (1999)). Thus, some courts might characterize the petitioner's state-court habeas action as a second or successive PCRA petition. If so construed, following the Third Circuit's ruling in *Lovasz,* such an action would be "properly filed"; moreover, even if the action were not timely filed under Pennsylvania law, it might still be viewed as "properly filed" under *Pace, Rosado,* and *Cooper.*[7]

The above stated issue in *Washington,* not necessary to a decision in that case, is necessary to a decision in the instant case.

---

**7.** Even if the Court were to have characterized the petitioner's state court habeas action as "frivolous"—which it may well have been—that would not have been fatal to the tolling claim. *See Lovasz,* 134 F.3d at 149 (refusing to read into "properly filed" provision "any requirement that the application be

nonfrivolous"); *but cf. United States ex rel. Belmore v. Page,* 104 F.Supp.2d 943, 945–46 (N.D.Ill.2000) (holding that petitioner's filing of state court habeas corpus action was seeking a "totally unavailable remedy" that "must be viewed as legally frivolous" and could not, therefore, be viewed as "properly filed").

The Court must therefore decide the question it left open in *Washington*.

■ The Court concludes that, in this case, petitioner's King's Bench petition and petition for reconsideration, though seeking remedies unavailable under Pennsylvania file, do . constitute "a properly filed application for State post-conviction or other collateral review." The Court reaches

this conclusion in light of the above-cited precedents, all of which counsel in favor of broadly construing the "properly filed" language of § 2244(d)(2).[8] Most relevant is the Third Circuit's decision in *Nara*, which placed heavy emphasis on whether a petition is "akin to an application for state post-conviction or other collateral review." *Nara*, 264 F.3d at 316.[9] In this case, petitioner's King's Bench petition and his

---

**8.** In reaching this conclusion, the Court acknowledges that the Supreme Court's recent decision in *Carey v. Saffold*, ── U.S. ──, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), might be read to somewhat narrow the construction of what constitutes a "properly filed" state petition. In *Saffold*, the Court considered the tolling effect of a petition filed in California's unique collateral review system, which does not "technically" require appellate review of lower court determinations. *Id.* at 2139. Specifically, the Court considered whether a petition was "pending" under § 2244(d)(2) during the time between a lower court's dismissal of the petition and the petitioner's filing of a new petition in an appellate court. *Id.* at 2137–41. After concluding that the petition was pending during this time period, the Court remanded to the Ninth Circuit for a determination as to the timeliness of the state petition. *Id.* at 2141.

The Court's remand in *Saffold* might suggest that the timeliness of a state petition is dispositive of the "properly filed" issue. *See id.* at 2141 (stating that if the California Supreme Court had found delay in filing petition "unreasonable," and, therefore, under California law, untimely, "that would end the matter, regardless of whether [that court] also addressed the merits of the claim"); *see also id.* at 2146 (Kennedy, J., dissenting) (citing *Artuz*, 531 U.S. at 8, 121 S.Ct. 361) ("If the California court held that all of respondent's state habeas petitions were years overdue, then they were not 'properly filed' at all, and there would be no tolling of the federal limitations period.").

One court to have addressed the impact of *Saffold*, the Seventh Circuit, has read that decision to have the effect of removing untimely filed state petitions from the coverage of "properly filed" in § 2244(d)(2). *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir.2002) ("*Saffold* tells us (ending any ambiguity left by *Artuz* ) that to be 'properly filed' an application for collateral review in state court must

satisfy the state's timeliness requirements."). In light of this reading, the Seventh Circuit concluded that appellate decisions, including the Third Circuit's ruling in *Nara*, "to the . extent they hold that petitions untimely under state rules nonetheless may be deemed 'properly filed,' were wrongly decided." *Id.*

This Court, however, does not deem it appropriate to decide whether *Nara*—and District Court opinions following it—have in fact been undermined by *Saffold*. In the first instance, *Saffold* may be subject to a more narrow reading, in that it was only addressing the term "pending" in § 2244(d)(2) as it applied to California's unique collateral review system. *See Saffold*, 122 S.Ct. at 2141 (stating that if California Supreme Court found petition untimely filed, then, under California's system, petition "would no longer have been 'pending' "). More fundamentally, the majority opinion in *Saffold* did not discuss, let alone cite, *Artuz*, a case that the Courts of Appeals, including the Third Circuit in *Nara*, have read to require a broad construction of § 2244(d)(2).

Even if *Saffold* were to have undermined *Nara*, the Court concludes that this determination is one better left to the Third Circuit. Accordingly, the Court decides this case based on its reading of *Nara*.

**9.** The *Nara* court also found relevant the fact that the "PCRA trial court accepted the motion, allowed the parties to brief the motion, and made full consideration of the record before denying it." *Nara*, 264 F.3d at 316. This Court does not, however, read *Nara* to provide that these circumstances are prerequisite to concluding that a state-court petition was properly filed.

Such a reading of *Nara* would be inconsistent with the decisions in *Pace, Rosado*, and *Cooper*—decisions with which this Court agrees—finding that untimely PCRA petitions

petition for reconsideration of the Supreme Court's denial of that petition, claimed ineffective assistance of counsel and prosecutorial misconduct and sought vacatur of his conviction. The substance of the King's Bench petition and the petition for reconsideration are, therefore, most certainly "akin to an application for state post-conviction or other collateral review."

In reaching this conclusion, the Court notes that some courts—none of which are in this Circuit—have rejected arguments that petitions seeking unavailable remedies can be considered "properly filed." *See, e.g., Adeline v. Stinson,* 206 F.3d 249, 252–53 (2d Cir.2000) (per curiam) (holding that state-court motion not recognized under New York law as an application for post-conviction relief was not "properly filed" on ground that petitioners are not permitted to "create their own methods of seeking post-conviction relief"); *Bond v. Walsh,* 2002 WL 460046, at *2 (E.D.N.Y. Feb.12, 2002) (citing *Adeline,* 206 F.3d at 252) ("Bond's time to file a § 2254 petition was not tolled while he ignored established state procedures to seek relief plainly unavailable from the New York Court of Appeals. Neither was it tolled while he moved that court for reconsideration of its order of dismissal."); *Draughon v. DeWitt,* 2001 WL 840312, at *1 (S.D.Ohio July 11, 2001) (citing *Adeline,* 206 F.3d at 252) (holding that "motion for reconsideration" was not "properly filed" because such motion was "not an application for state post-

conviction relief recognized as such under governing state procedures").

These contrary cases in other jurisdictions, not binding on this Court, do not change the Court's conclusion. In short, the Court reads the Third Circuit's decision in *Nara* to demand a broader application of the "properly filed" inquiry. Notably, this reading of *Nara* does not implicate the concerns raised by the Second Circuit in *Adeline* with respect to the impact of including petitions seeking unavailable remedies in the realm of "properly filed" petitions. Specifically, the Second Circuit was concerned that an application of § 2244(d)(2) allowing petitioners to "create their own methods of seeking post-conviction relief" would result in a deluge of frivolous state-court filings:

> [S]o long as the state court were willing to keep its clerk's office door open to a petitioner, he or she could bring successive motions seeking to reinstate a denied petition for leave to appeal indefinitely and thus stave off the running of the AEDPA-proscribed time to file a federal petition for habeas corpus virtually in perpetuity.

*Adeline,* 206 F.3d at 252–53. Applying the *Nara* court's analysis avoids this problem because, at some point, the filing of state-court petitions crosses the line from petitions that are "akin to an application for state post-conviction or other collateral review" to petitions that are clearly intended to delay.[10]

were properly filed. Pennsylvania courts have determined that the timeliness provisions in the PCRA are jurisdictional. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 222 (1999). Thus, a PCRA court's decision on an untimely petition is not based on a "full consideration of the record"; rather, because Pennsylvania courts do not have jurisdiction to consider an untimely petition, courts dismissing untimely petitions will have, by necessity, only undertaken a limited con-

sideration of the record as it applies to the PCRA statute of limitations.

In sum, the Court concludes that the true import of *Nara* is to direct that courts focus on whether a petition is "akin to an application for state post-conviction or other collateral review" when conducting the "properly filed" inquiry.

**10.** The Court notes that the *Adeline* court's concerns about repetitive filings in this man-

The Court need not decide in this case when a state court filing crosses the line from one seeking collateral relief to one filed for some other purpose because the King's Bench petition at issue can only be viewed as seeking collateral review of petitioner's conviction. It sought the same remedy that is available under the PCRA. Additionally, there is no evidence that petitioner filed the petition intending to cause delay or for some other improper purpose. Significantly, assuming, *arguendo*, that petitioner's King's Bench petition, which was filed on April 1, 1996, was treated as a PCRA petition, it was timely filed. *See Commonwealth v. Crider*, 1999 PA Super 204, 735 A.2d 730, 732 (1999) (explaining that for petitioners whose convictions became final before January 16, 1996, amendments to the PCRA adopting a one-year statute of limitations, "the operative deadline" for first-time PCRA petitions would be January 16, 1997, well after petitioner's filing).

Nor does the Court find any reason to treat the petition for reconsideration differently. To the extent that the King's Bench petition is viewed as a PCRA petition, petitioner clearly would have been entitled to seek reconsideration of an adverse decision. *See Commonwealth v. Castro*, 766 A.2d 1283, 1285 (Pa.Super.2001) (recognizing propriety of PCRA court's granting of motion to reconsider dismissal of PCRA petition on timeliness grounds). Respondents' argument emphasizing the unavailability of petitions for reconsideration in the Supreme Court of

Pennsylvania does not convince the Court otherwise.

In sum, the substance of petitioner's King's Bench petition and the petition for reconsideration—as opposed to their form—compels the Court to conclude that they were "properly filed" under § 2244(d)(2). Accordingly, while those petitions were pending in the Supreme Court of Pennsylvania, the AEDPA statute of limitations was tolled.

## 2. Date of Filing of PCRA Petition

Petitioner provides no support for his statement in his Objections that he filed his PCRA petition on January 13, 1997, as opposed to January 16, 1997. Likewise, although petitioner must have mailed his PCRA petition some time before the date on which it was filed in the PCRA court, the record before this Court does not provide any support for petitioner's assertion that he did so on January 13, 1997.

Given the Court's conclusion that the King's Bench petition and petition for reconsideration tolled the AEDPA statute of limitations, the filing date of the PCRA petition is essential to the outcome of this case. If petitioner is correct, and the PCRA petition was filed on January 13, 1997, his habeas petition was timely filed—on the 364th day of the one-year limitations period. If petitioner is incorrect, however, and his PCRA petition was filed on January 16, 1997, his habeas petition was not timely filed, as it was filed two days after the expiration of the limitations period. Thus, the Court will remand the

---

ner are inconsistent with the Second Circuit's earlier rejection of the position that "construing 'properly filed' narrowly will invite a paper flow by state prisoners trying to extend the time in which they can file a habeas corpus petition indefinitely" because "prisoners serving jail time usually have little incentive to delay determinations of their habeas petitions." *Bennett v. Artuz*, 199 F.3d 116,

122–23 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). *See also Harrison v. Artuz*, 105 F.Supp.2d 101, 105 n. 4 (E.D.N.Y.2000) (comparing *Bennett* with *Adeline* and noting "some ambivalence in the Second Circuit on the question whether a narrow construction of the 'properly filed' requirement in 28 U.S.C. § 2244(d)(2) serves any useful purpose").

petition to Judge Scuderi for further analysis of the timeliness issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will sustain petitioner's objection as to the tolling effect of the King's Bench petition and the petition for reconsideration. The Court will remand the § 2254 petition to Judge Scuderi for a supplemental report and recommendation covering further analysis of the timeliness of that petition consistent with this Memorandum, and, depending on the resolution of the timeliness issue, further analysis of the claims raised in the § 2254 petition.

An appropriate order follows.

## ORDER

**AND NOW** this 6th day of September, 2002, upon consideration of petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Document No. 1, filed January 28, 2002), United States Magistrate Judge Peter B. Scuderi's Report and Recommendation dated May 29, 2002 (Document No. 8, filed May 29, 2002), Petitioner's Objections to Magistrate Judge's Report and Recommendation (Document No. 11, filed June 14, 2002), and all related filings, for the reasons stated in the foregoing Memorandum, **IT IS ORDERED,** as follows:

1. Petitioner's Objections to Magistrate Judge's Report and Recommendation (Document No. 11, filed June 14, 2002) are **SUSTAINED IN PART** and **OVERRULED IN PART,** as follows:

(a) Petitioner's Objections as to whether his King's Bench petition and petition for reconsideration were "properly filed" under 28 U.S.C. § 2244(d)(2) such that they tolled the statute of limitations governing the pending § 2254 petition are **SUSTAINED;**

(b) In all other respects, petitioner's Objections are **OVERRULED WITHOUT PREJUDICE** to petitioner's right to raise arguments contained in his Objections during further proceedings on the § 2254 petition.

2. Petitioner's § 2254 petition is **REMANDED** to United States Magistrate Judge Peter B. Scuderi for submission of a supplemental report and recommendation covering (a) further analysis as to the timeliness of the petition consistent with the foregoing Memorandum and (b) depending on the result of that analysis, consideration of the claims raised in the petition.