

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2003

# Brown v. Shannon

Precedential or Non-Precedential: Precedential

Docket 01-1308

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Brown v. Shannon" (2003). *2003 Decisions*. Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 17, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1308

CHARLES BROWN,
*Appellant*

v.

ROBERT SHANNON; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-01482)
District Judge: The Honorable Franklin S. Van Antwerpen

Argued: November 4, 2002

Before: BECKER, Chief Judge, McKEE and HILL,*
*Circuit Judges.*

(Filed: March 17, 2003)

* The Honorable James C. Hill, United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

SALVATORE C. ADAMO (ARGUED)
Two Penn Center Plaza
Suite 200
Philadelphia, PA 19102-1706

*Counsel for Appellant*

LYNNE ABRAHAM
District Attorney
ARNOLD H. GORDON
First Assistant District Attorney
RONALD EISENBERG
Deputy District Attorney,
 Law Division
THOMAS W. DOLGENOS
Chief, Federal Litigation
DAVID CURTIS GLEBE (ARGUED)
Assistant District Attorney
Office of the District Attorney
1421 Arch Street
Philadelphia, PA 19102-1582

*Counsel for Appellees*

-----

## OPINION OF THE COURT

-----

BECKER, *Chief Judge.*

Charles Brown appeals from the order of the District Court dismissing his petition for a writ of habeas corpus as time-barred under the applicable one-year statute of limitation. The appeal requires us to consider under what circumstances an attorney's withdrawal of representation after failing to file a federal habeas petition warrants equitable tolling of the statutory limitation period. At issue is whether Brown is entitled to statutory or equitable tolling of the limitation period for the following three time periods: (1) April 26, 1997, to July 29, 1997; (2) August 15, 1997, to May 6, 1998; and (3) May 7, 1998, to January 11, 2000. His petition would be timely, only if the limitation period were tolled for all three periods. We conclude that Brown is not entitled to equitable tolling for the period from April 26, 1997, to July 29, 1997, the period of his attorney's putative

abandonment of his claim. Without that period of tolling, his petition would be untimely even if the entire period from August 15, 1997, to January 11, 2000, were tolled. Accordingly, we will affirm.

## I.

A jury in the Court of Common Pleas of Philadelphia County, Pennsylvania, convicted Brown of second-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime. The trial court sentenced him to a term of life imprisonment without the possibility of parole and concurrent lesser terms of imprisonment. The Pennsylvania Superior Court affirmed. *See Commonwealth v. Brown*, 480 A.2d 1171 (Pa. Super. Ct. 1984). In January 1985, the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal. *See Commonwealth v. Brown*, No. 546 E.D. Alloc. Dkt. (Pa. 1984). He did not petition the United States Supreme Court for a writ of certiorari. He subsequently filed a pro se petition for post-conviction relief under the Post Conviction Hearing Act, 42 Pa. C.S. §§ 9541 *et seq. See Commonwealth v. Brown*, 570 A.2d 585 (Pa. Super. Ct. 1989) (table) (affirming dismissal of petition but vacating sentence imposed for the possession of an instrument of crime); *Commonwealth v. Brown*, 575 A.2d 108 (Pa. 1990) (table) (denying petition for allowance of appeal).

On December 24, 1996, Brown filed a second pro se petition for state post conviction relief, this one under the newly enacted Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541 *et seq.*[1] He privately retained attorney Daniel Silverman to represent him. The PCRA court denied this second petition on March 26, 1997, and informed Brown of his right to file an appeal to the Pennsylvania Superior Court within 30 days. Brown asked Silverman to file an appeal. By letter dated April 16, 1997, Silverman advised

---

1. In his brief, Brown states that the petition was filed on December 31, 1996. However, in his application for a certificate of appealability, Brown stated that the petition was filed on December 24, 1996. The Commonwealth agrees that the petition was filed on December 24, 1996.

him to not pursue an appeal in state court and to pursue federal habeas relief instead. No notice of appeal was filed.

On July 29, 1997, Silverman informed Brown that he was withdrawing his representation. On August 15, 1997, Brown submitted to the trial court a pro se "Notice of Appeal Nunc Pro Tunc," asserting that Silverman had failed to timely inform him that he (Silverman) would not file an appeal from the denial of the second PCRA petition. The trial court received the notice of appeal *nunc pro tunc* but mishandled and apparently lost it; at all events the notice was never docketed or filed.[2] On May 6, 1998, after a number of inquiries from Brown, the trial court's "PCRA Unit" issued a memorandum informing Brown that it had no record of his notice of appeal *nunc pro tunc* and advising him that, if he wished to continue with his request for permission to appeal *nunc pro tunc*, he should file a pro se PCRA petition.

On May 15, 1998, Brown filed a pro se PCRA petition (his third) requesting permission to file an appeal *nunc pro tunc* from the denial of the second PCRA petition.[3] The PCRA court dismissed the petition as untimely filed. The Pennsylvania Superior Court affirmed. *See Commonwealth v. Brown*, 747 A.2d 409 (Pa. Super. Ct. 1999) (table). On January 11, 2000, the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal. *See Commonwealth v. Brown*, 749 A.2d 465 (Pa. 2000) (table). He did not petition the United States Supreme Court for a writ of certiorari.

On March 19, 2000, Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United

---

2. The notice was forwarded to the "Appeals Unit" on or about August 19, 1997. There is no record of it after that. For purposes of this appeal, we may assume in Brown's favor that the notice was in fact mishandled and lost.

3. The petition was actually received by the trial court on May 18, 1998. It appears that Brown mailed it on May 15, 1998. The petition thus may be deemed filed on May 15, 1998. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) ("we extend the prison mailbox rule to all appeals by pro se prisoners"). The Commonwealth does not dispute that the petition may be deemed filed on that date.

States District Court for the Eastern District of Pennsylvania. The Magistrate Judge to whom the petition was referred determined that it was untimely filed and that equitable tolling of the limitation period was not warranted. The District Court adopted the Magistrate Judge's findings, dismissed the petition as time-barred, and declined to issue a certificate of appealability. Brown timely appealed. On March 8, 2002, a motions panel of this Court issued a certificate of appealability on the following issues:

>   (1)  Whether Brown's notice of appeal *nunc pro tunc*, submitted but never ruled on because it was lost as a result of mishandling by the trial court, may be considered "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), *see Swartz v. Meyers*, 204 F.3d 417, 421 n.3 (3d Cir. 2000), and, if the notice may be considered "properly filed," when it ceased to be "pending"; and
>
>   (2)  Whether appellant is entitled to equitable tolling of the statute of limitation for the period from May 7, 1998, through January 11, 2000, and the period from April 26, 1997, through July 29, 1997. *See Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999).

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of a decision dismissing a habeas petition as time-barred is plenary. *See Johnson v. Hendricks*, 314 F.3d 159, 161 (3d Cir. 2002).

## II.

Section 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Brown's conviction became "final" before the AEDPA came into effect on April 24, 1996. His one-year period for filing a habeas petition thus began running on that date. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). It is not disputed that the limitation period ran without interruption from April 24, 1996, to, but not including, December 24, 1996 (when the second PCRA petition was filed), a period of eight months. It is also not disputed that the second PCRA petition was "pending" and tolled the limitation period pursuant to § 2244(d)(2) from December 24, 1996, to April 25, 1997 (the last day for timely filing an appeal from the denial of the petition). Thus, on April 26, 1997, Brown had four months left in which to file a habeas petition. He did not file his petition until March 19, 2000.

Brown makes several contentions for statutory tolling (pursuant to § 2244(d)(2)) and equitable tolling of the limitation period. His contentions essentially concern three time periods: (1) April 26, 1997 (the day the second PCRA petition ceased to be "pending") to July 29, 1997 (the day Silverman withdrew representation); (2) August 15, 1997 (the day the notice of appeal *nunc pro tunc* was submitted to the trial court) to May 6, 1998 (the day the trial court informed Brown it had no record of the notice of appeal *nunc pro tunc*); and (3) May 7, 1998 (the day after the trial court informed Brown it had no record of the notice of appeal *nunc pro tunc*) to January 11, 2000 (the day the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal from the denial of the third PCRA petition). If the limitation period were tolled for those three periods, his habeas petition would be timely. We turn first to Brown's contention that the limitation period should be equitably tolled from April 26, 1997, to July 29, 1997. He asserts that he is entitled to equitable tolling for that period

because attorney Silverman ineffectively failed to file an appeal from the denial of the second PCRA petition and then later "abandoned" him without filing a federal habeas petition.

After the second PCRA petition was denied, Brown asked Silverman to file an appeal. Silverman responded by letter dated April 16, 1997. He wrote:

> It is my strong recommendation that you not pursue an appeal before the Pennsylvania Superior Court. I believe that paying me money to pursue that appeal would be a [sic] inefficient use of your resources. With the record before it as it now stands, the Superior Court would almost certainly affirm Judge Sabo's decision. It is my recommendation that you pursue your remedies in federal district court via a writ for petition of habeas corpus [sic]. . . . Consequently, I will not file a Notice of Appeal to the Superior Court, although you are certainly permitted to do so.

Supp. App. at 5 (emphases removed). According to Brown, he received this letter on April 21, 1997. It appears that he then agreed to have Silverman file a federal habeas petition on his behalf and to forgo an appeal in state court. App. 123-24 ("Petitioner . . . alternatively advised counsel to file a habeas corpus petition if counsel knew legal means to do so despite the exhaustion requirement").

About a month later, in a letter dated May 20, 1997, Silverman informed Brown that he had yet to read the trial transcripts and draft a habeas petition and that he had been unable, despite his diligent efforts, to obtain the trial transcripts.[4] Subsequently, in a letter dated July 29, 1997,

---

4. Brown acknowledged Silverman's diligent efforts. He stated:

> Prior to the dismissal of the [second PCRA] petition, attempts were made by Mr. Silverman to obtain notes of testimony[.] Mr. Silverman contacted the Court of Common Pleas—Clerk of Courts, Court of Common Pleas—PCRA Unit, Trial Counsel, Appellate Counsel, and he wrote several letters to Judge Sabo, stating his desire to obtain the notes of testimony. All of the attempts to obtain the transcripts were unsuccessful.

App. 16.

Silverman informed Brown that he was unable to obtain a complete set of the trial transcripts and was unable to continue to properly represent him.

"[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *See Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Id.* (citation omitted). Moreover, to be entitled to equitable tolling, "[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." *Id.* at 618-19 (citations, including internal citation, omitted); *see Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.") (internal citations and internal footnote omitted).

We disagree with Brown insofar as he contends that he is entitled to equitable tolling because Silverman ineffectively failed to file an appeal from the denial of the second PCRA petition. From the outset, Silverman was forthright about not filing an appeal. In fact, the record reflects that Brown agreed to pursue federal habeas relief instead of an appeal in state court. Significantly, he could have timely filed a *pro se* notice of appeal in state court after receiving Silverman's letter on April 21, 1997. He had five days in which to do so. He was aware of the filing deadline (the PCRA court had informed him of the 30-day appeal period). Given his history of pro se filings, there is

no reason to believe that Brown could not prepare and submit a notice of appeal, a simple one-paragraph document, within that time. It appears that he simply chose to not do so. Under these circumstances, equitable tolling is not warranted. Insofar as Silverman's advice to pursue federal habeas relief instead of an appeal in state court may have been unsound, his negligence in giving that advice is an insufficient basis for equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"), *cert. denied sub nom. Horn v. Fahy*, 122 S. Ct. 323 (2001).

We also disagree with Brown insofar as he contends that he is entitled to equitable tolling because Silverman "abandoned" him by withdrawing representation without filing a federal habeas petition. Silverman informed Brown that he was withdrawing because he was unable to obtain a complete set of the trial transcripts and felt that he could no longer properly represent Brown. Prior to withdrawing, he had made diligent efforts to obtain the trial transcripts and had been forthright with Brown regarding his lack of success in obtaining them. He had also been forthright with Brown regarding his lack of progress in drafting a habeas petition. The record simply does not reflect that Silverman misbehaved or acted so irresponsibly that his withdrawal can be said to be an "extraordinary" circumstance warranting equitable tolling.

Neither does the case law support Brown's position. *See Fahy*, 240 F.3d at 244 (mere mistake or negligence on the part of an attorney generally does not "rise to the 'extraordinary' circumstances required for equitable tolling"); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999) (in the context of a Title VII claim, "garden variety" attorney misbehavior does not warrant equitable tolling); *cf. United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002) (equitable tolling may be warranted where petitioner alleged he "was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). In *Seitzinger*, 165 F.3d at 241-42, we held that equitable tolling may be warranted where an attorney

"affirmatively lied" to his client that he had filed a complaint on her behalf. But Silverman was entirely candid with Brown. Significantly, there was nearly one month left in the limitation period — time enough for Brown, acting with reasonable diligence, to prepare and file at least a basic pro se habeas petition — at the time of Silverman's withdrawal.

In sum, we conclude that Brown is not entitled to equitable tolling for the period from April 26, 1997, to July 29, 1997. The limitation period thus ran during that period. On July 29, 1997, Brown had a little less than one month in which to file a habeas petition, and the limitation period continued running.

## III.

Brown's other contentions concern the period from August 15, 1997, to January 11, 2000. Essentially, he contends that: (1) the notice of appeal *nunc pro tunc* was "properly filed" and tolled the limitation period pursuant to § 2244(d)(2) while it was "pending" from August 15, 1997, to May 6, 1998; and (2) he is entitled to equitable tolling for the period from May 7, 1998, to January 11, 2000. Though we do make several observations in the margin about the ramifications of these arguments, we do not address them; Brown's habeas petition would be untimely even if the limitation period were tolled for both those periods.[5] As

(Text continued on page 12)

---

5. Brown's first contention presents a novel issue: whether the notice of appeal *nunc pro tunc* may be deemed "properly filed" within the meaning of § 2244(d)(2). *See Swartz v. Meyers*, 204 F.3d 417, 421 n.3 & 7 (3d Cir. 2000). To determine whether a petition is "properly filed," a federal court "must look to state law governing when a petition for collateral relief is properly filed." *Fahy*, 240 F.3d at 243. Pertinently, § 9542 of the PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa. C.S. § 9542. This section "set[s] forth the exclusivity of the PCRA as the means for collaterally attacking criminal convictions[.]" *Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002). Post-conviction claims seeking the restoration of appellate rights based on ineffective assistance of counsel are subject to this exclusivity provision; they must be raised in a PCRA petition. *See Commonwealth v. Lantzy*, 736 A.2d 564, 569-70 (Pa. 1999); *Commonwealth of Pennsylvania v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. Ct. 2002) (*Lantzy* applies to "all requests for reinstatement of appellate rights, including PCRA appellate rights"). Importantly, that is so "irrespective of whether [an] appellant sought extra-PCRA review before or after the decision in *Lantzy* was announced." *Eller*, 807 A.2d at 842-43 ("application of *Lantzy* to petitioners who sought *nunc pro tunc* relief before that case was decided does not operate in an unlawfully retroactive fashion").

Pennsylvania law thus did not (and does not) recognize extra-PCRA petitions like Brown's notice of appeal *nunc pro tunc*. Because such petitions are improperly filed as a matter of state law, it seems doubtful that they may be deemed "properly filed" within the meaning of § 2244(d)(2). *See Adeline v. Stinson*, 206 F.3d 249, 253 (2d Cir. 2000) ("the filing of creative, unrecognized motions for leave to appeal" does not trigger tolling pursuant to § 2244(d)(2)); *cf. Gibson v. Klinger*, 232 F.3d 799, 806-808 (10th Cir. 2000) (application for leave to appeal out of time authorized under state law and filed in accordance with state procedural rules triggered tolling pursuant to § 2244(d)(2)). In this regard, it is significant that § 2244(d)(2)'s "tolling rule is designed to protect the principles of 'comity, finality, and federalism,' by promoting 'the exhaustion of state remedies while respecting the interest in the finality of state court judgments.'" *Carey v. Saffold*, 122 S. Ct. 2134, 2139 (2002) (citation omitted). Indeed, "it is the State's interests that the tolling provision seeks to protect[.]" *Id.* at 2139-40. Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA. *See Adeline*, 206 F.3d at 253 (the filing of motions not recognized under state law "is not the sort of 'exhaustion' that [ ] the AEDPA Congress . . . had in mind"); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) ("there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available"). Moreover, such permissiveness might seem to disrespect the state's decision regarding the proper procedures for challenging state court judgments. *Cf. Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3d Cir. 1998) ("if a state allows petitioners to file second or subsequent petitions for post-conviction

noted *supra*, on July 29, 1997, there was less than one month left in the limitation period. If the limitation period ran from July 29, 1997, to August 14, 1997, and then was tolled for the entire period from August 15, 1997, to January 11, 2000, there would have been approximately 10 days left in the limitation period on January 12, 2000. Brown did not file his petition until March 19, 2000.

### IV.

To summarize, Brown's habeas petition was filed beyond the AEDPA's one-year statute of limitation. He failed to show that he is entitled to statutory or equitable tolling of the limitation period as would render his petition timely. Accordingly, we will affirm the District Court's order dismissing his petition as time-barred.

A True Copy:
Teste:

*Clerk of the United States Court of Appeals for the Third Circuit*

---

relief, federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation . . . where a second or subsequent petition is pending in the state court system").

With respect to Brown's second contention, we note that his third PCRA petition was dismissed by the Pennsylvania courts as untimely filed. In *Fahy*, we held that a PCRA petition which the Pennsylvania Supreme Court had "specifically ruled" was untimely filed and thus was "not properly filed as a matter of state law" may not be deemed "properly filed" within the meaning of § 2244(d)(2). *Fahy*, 240 F.3d at 243-44; *Morris v. Horn*, 187 F.3d 333, 342 (3d Cir. 1999). We would note, though, that two of our sister courts have held that an untimely petition for state post-conviction relief may be deemed "properly filed" if the state's statute of limitations contains exceptions that require the state court to examine the merits of the petition to determine whether any of the exceptions apply before dismissing it as untimely. *See Dictado v. Ducharme*, 244 F.3d. 724, 727-28 (9th Cir. 2001); *Smith v. Ward*, 209 F.3d 383, 385 (5th Cir. 2000). The United States Supreme Court declined to address this question in *Artuz v. Bennett*, 531 U.S. 4, 8 n.2 (2000).