

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2001

# Nara v. Frank

Precedential or Non-Precedential:

Docket 99-3364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Nara v. Frank" (2001). *2001 Decisions*. Paper 199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 30, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3364

JOSEPH GEORGE NARA,
        Appellant

v.

FREDERICK FRANK

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 99-cv-00005)
District Judge: Hon. Gary L. Lancaster

Argued March 1, 2001

Before: SLOVITER, NYGAARD and ROTH, Circuit Ju dges

(Filed: August 30, 2001)

        Shelley Stark (Argued)
        Lisa B. Freeland
        Federal Public Defender
        Pittsburgh, PA 15222

         Attorney for Appellant

        John A. Kopas, III (Argued)
        First Administrative Assistant
         District Attorney
        Office of the District Attorney
        Uniontown, PA 15401

         Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Joseph George Nara appeals the District Court's
dismissal of his Petition for Writ of Habeas Corpus as
untimely. Nara argues that the one-year statute of
limitations under 28 U.S.C. S 2244(d)(1) should have been
tolled under 28 U.S.C. S 2244(d)(2), because his motion to
withdraw his guilty plea nunc pro tunc was a properly filed
application for state post-conviction or other collateral
review that was pending. Alternatively, Nara argues that
this court should apply equitable tolling principles because
of extraordinary circumstances in his case.

I.

FACTS AND PROCEDURAL HISTORY

The parties do not dispute the facts of this case. On
January 28, 1984, Nara shot and killed his wife and
mother-in-law. After Nara was arrested, he underwent a
psychiatric evaluation during which he described himself as
being severely depressed after his wife left him in December
1983. The Commonwealth of Pennsylvania charged Nara
with two counts of criminal homicide. On June 20, 1984,
Nara pled guilty in the Pennsylvania Court of Common
Pleas to two counts of first degree murder and later was
sentenced to concurrent terms of life imprisonment. He did
not appeal his sentence.

The record shows that Nara's mental condition
deteriorated while he was in prison. Shortly after he arrived
at the State Correctional Institution at Pittsburgh, he was
placed in the institution's hospital for "psychiatric reasons."
App. at 316. Nara was transferred to Farview State Hospital
after being diagnosed as having "suicidal ideation of severe
proportions." App. at 319. Although he was returned to
prison, he was hospitalized again after attempting to
commit suicide in February 1985 by overdosing on drugs.
A psychiatrist diagnosed Nara as "severely mentally

disabled" and "a clear and present danger to himself."
Supp. App. at 67. After another lengthy hospital stay for
approximately 16 months, he was transferred to the State
Correctional Institution at Huntingdon, Pennsylvania in
1986, where he is incarcerated to this day. There is nothing
in the record of Nara's mental condition after 1986.

On April 21, 1988, Nara filed his first petition for relief
under the Pennsylvania Post Conviction Relief Act ("PCRA"),
42 Pa. Cons. Stat. Ann. SS 9541 et seq . In the
accompanying pro se brief, Nara stated, inter alia, that he
was not mentally competent when he pled guilty and that
his trial counsel was ineffective for failing to assess his
mental competence at the time of the crimes and when he
pled guilty. After a hearing at which Nara was represented
by court-appointed counsel, the trial court denied the
petition. The trial court's opinion and order, however,
addressed only the ineffective assistance of counsel claim.
The Superior Court of Pennsylvania affirmed, and the
Pennsylvania Supreme Court denied review in 1989.

On May 15, 1990, Nara filed a second PCRA petition. He
argued that his plea should be withdrawn because he was
mentally incompetent when he entered it. The trial court
appointed new counsel and held a hearing on November 19,
1990 at which a forensic psychiatrist testified that Nara
was psychotic and depressed at the time of his guilty plea
and therefore was "not mentally capable" of entering a plea.
App. at 474. Based on this testimony, the trial court found
that Nara's guilty plea was not valid and granted Nara's
petition. The Commonwealth appealed. The Superior Court
reversed and reinstated the plea, ruling that the issue of
Nara's competence had been waived because Nara had
failed to raise it in his first post-conviction hearing.1 The
Superior Court stated in a footnote that Nara waived his
_____

1. We note that Nara's pro se brief in support of his first PCRA petition
asserted that he "was not mentally capable of waiving his constitutional
rights, and pleading guilty, . . . Guilty plea [sic] is not valid unless
it is
voluntary in the constitutional sense." App. at 288. Because the question
identified in the certificate of appealability granted by this court was
whether the one-year statute of limitations in S 2244(d)(1) should be
tolled for any reason, we will limit our review to that issue and will not
comment on the Pennsylvania court's waiver ruling.

3

right to request withdrawal of his guilty plea by failing to file a post-sentence motion to withdraw the plea pursuant to Pa. R. Crim. P. 321. That rule provided, in part:"(a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence."2 In 1992, the Pennsylvania Supreme Court denied Nara's petition for allowance to appeal. The United States Supreme Court denied Nara's petition for certiorari.

On December 19, 1995, Nara filed a third PCRA petition, alleging, inter alia, that he was incompetent to enter the guilty plea. The trial court appointed attorney Phyllis Jin to represent Nara, and held a hearing on April 30, 1996. At this hearing, Nara agreed that he had previously litigated the issues in his PCRA petition. Nara therefore asked to withdraw his PCRA petition in favor of filing a motion to withdraw his guilty plea nunc pro tunc pursuant to Rule 321. The court allowed Nara to withdraw the petition and issued a briefing schedule for the motion to withdraw his guilty plea.

After the submission of briefs, the trial court issued an opinion and order on September 30, 1996 denying the motion. The court found that Nara had been advised at his sentencing in 1984 of his right to move to withdraw the plea within 10 days and noted that Nara did not give a compelling reason why he waited 12 years to ask to withdraw his guilty plea. The Superior Court affirmed on July 9, 1997 and the Pennsylvania Supreme Court denied Nara's petition for allowance to appeal on December 8, 1997. Nara did not file a motion for reconsideration to the Pennsylvania Supreme Court nor did he file a petition for certiorari to the United States Supreme Court.

Nara then filed the present Petition for Writ of Habeas Corpus. The certificate of mailing indicates that the prison mailed the petition on December 15, 1998. However, his habeas petition is signed and dated December 12, 1998, and his cover letter to the petition is dated December 12, 1998.

_____

2. The Rule has since been revised and renumbered Pa. R. Crim. P. 720.

The District Court referred the matter to a Magistrate Judge, who recommended that Nara's petition be dismissed as untimely and that a certificate of appealability be denied. In analyzing the applicability of the one-year statute of limitations under S 2244(d)(1) and the tolling provision under S 2244(d)(2), the Magistrate Judge determined that the latest date on which Nara's application for state post-conviction or other collateral review was pending was December 8, 1997, when the Pennsylvania Supreme Court denied his petition for allowance of appeal with respect to his nunc pro tunc motion. Thus, according to the Magistrate Judge, the statute of limitations would have begun on that date and would have run until December 7, 1998. Therefore, even with the benefit of the mailbox rule which would recognize filing of Nara's habeas petition on December 12, 1998, his petition was untimely. The District Court adopted the Magistrate Judge's recommendations, dismissed Nara's habeas petition as untimely, and denied the certificate of appealability.

Nara filed a timely appeal to this court.

II.

DISCUSSION

A. Jurisdiction and Standard of Review

On February 15, 2000, a motions panel of this court issued a certificate of appealability under 28 U.S.C. S 2253(c)(1) on the following:

> the issues of whether the District Court correctly concluded that Nara's habeas petition was untimely filed under the statute of limitations, 28 U.S.C. S 2244(d)(1), see Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), and whether Nara was entitled to any tolling of the limitations period pursuant to either 28 U.S.C. S 2244(d)(2), see Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998), or the principles of equitable tolling, see Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998). In particular, the parties should

5

address whether Nara's motion to withdraw his guilty plea nunc pro tunc was a `properly filed application for State post-conviction or other collateral review' within the meaning of S 2244(d)(2). If that motion tolled the limitations period, the parties should address whether Nara is also entitled to tolling for the 90-day period following entry of Pennsylvania Supreme Court's order on December 8, 1997, when Nara could have petitioned for certiorari review in the United States Supreme Court.

Nara v. Frank, No. 99-3364, Order Granting Certificate of Appealability (Feb. 15, 2000).

We have jurisdiction under 28 U.S.C. SS 1291 and 2253. We have plenary review over statute of limitations issues. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

B. The Requirements of 28 U.S.C. S 2244(d)

A state prisoner must file his or her habeas corpus petition within one year after the completion of the state court proceedings. 28 U.S.C. S 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The inquiry under S 2244(d) encompasses both when the judgment of the state court became "final" and when the "properly filed application for State post-conviction or other collateral review" was "pending." Nara must satisfy the provisions of S 2244(d) because he is in custody pursuant

to the judgments of Pennsylvania's courts. Nara pled guilty on June 20, 1984 and was sentenced on July 13, 1984. Nara did not file a direct appeal, so his conviction and sentence were "final" on August 13, 1984, when the time during which he could have appealed (30 days) lapsed. Because we have implied from the statute a one-year grace period for those petitioners whose convictions became final before the effective date of AEDPA, and AEDPA was effective April 24, 1996, Nara had up until, and including, April 23, 1997 to file a timely petition under S 2244(d)(1). See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("We agree that applying S 2244(d)(1) to bar the filing of a habeas petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive."). However, Nara did not file his federal habeas petition until December 12, 1998.3

The principal issue on appeal is whether the one-year statute of limitations under S 2244(d)(1) should be tolled for any reason. Nara argues that his motion to withdraw his guilty plea nunc pro tunc tolled the statute of limitations as provided by S 2244(d)(2), making his habeas petition timely. The Commonwealth disputes whether Nara's nunc pro tunc motion can be considered a "properly filed application for State post-conviction or other collateral review" within the meaning of S 2244(d)(2). The Magistrate Judge determined, and the District Court agreed, that it was not necessary to resolve this issue because even if the motion was construed as such, Nara's habeas petition was still untimely.

It is the Commonwealth's position that a nunc pro tunc motion can never be a "properly filed application for State post-conviction or other collateral review" because the nunc tunc pro characterization is a concession that the movant

_____

3. Nara has contended that he placed his habeas petition in the prison's mailbox on December 12, 1998. The Commonwealth appears to concede that the prisoner mailbox rule applies. Under Fed. R. App. P. 4(c), if an inmate is confined in an institution, his notice of appeal (or federal habeas petition) will be timely if it is deposited in the institution's internal mail system on or before the last day for filing. However, the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid. It appears from Nara's habeas petition that he has fulfilled these requirements.

7

failed to request relief in a timely manner. The
Commonwealth urges us to hold that a nunc pro tunc
motion in state court does not trigger the tolling provision
in order to prevent state prisoners from using such motions
in an attempt to preserve their right to file federal habeas
petitions and thereby abuse the writ. The Commonwealth
cites to a footnote in our decision in Swartz . See 204 F.3d
at 423-24 n.6. We do not read that opinion as holding that
a nunc pro tunc motion or request is not a"properly filed
application for State post-conviction or other collateral
review" under S 2244(d)(2) by virtue of its nunc pro tunc
character.

Our opinions suggest a much more flexible approach. In
Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), we
stated that S 2244(d)(2) covers "various forms of state
review," but did not specify the forms of state review that
qualify for tolling. In Lovasz v. Vaughn, 134 F.3d 146 (3d
Cir. 1998), we considered whether a second or successive
petition for state post-conviction relief was a"properly filed
application." We defined "properly filed application" as one
that is "submitted according to the state's procedural
requirements, such as the rules governing the time and
place of filing." Id. at 148. We further rejected "the notion
that a meritless PCRA petition cannot constitute`a properly
filed application' under S 2244(d)(2)." Id. at 149. Therefore,
we treated Lovasz's second PCRA petition as a "properly
filed application" under S 2244(d)(2).

Indeed, a recent Supreme Court decision supports this
flexible approach. In Artuz v. Bennett, 531 U.S. 4 (2000),
the Court considered whether the prisoner's pro se motion
to vacate his judgment of conviction could toll the statute
of limitations under S 2244(d)(2). The Court stated that "an
application is `properly filed' when its delivery and
acceptance are in compliance with the applicable laws and
rules governing filings. These usually prescribe, for
example, the form of the document, the time limits upon its
delivery, the court and office in which it must be lodged,
and the requisite filing fee." Id. at 8 (emphasis omitted)
(footnote omitted). "[T]he question whether an application
has been `properly filed' is quite separate from the question
whether the claims contained in the application are

8

meritorious and free of procedural bar." Id. at 9 (emphasis omitted). Thus, the Court upheld the Second Circuit's determination that the statute of limitations was tolled during the time when the state court was considering the prisoner's motion to vacate his conviction, despite the fact that the claims in the motion were procedurally barred under New York law. See id. at 7-8.

Other courts of appeals have held similarly. See, e.g., Dictado v. Ducharme, 244 F.3d 724 (9th Cir. 2001) (personal restraint petitions dismissed in state court as "repetitive and untimely" were still "properly filed applications" within the meaning of S 2244(d)(2)); Emerson v. Johnson, 243 F.3d 931 (5th Cir. 2001) (motion to the Texas Court of Criminal Appeals entitled "Suggestion That The Court Reconsider On Its Own Motion the denial of the Application for Writ of Habeas Corpus" was a "properly filed application" under S 2244(d)(2)); Villegas v. Johnson, 184 F.3d 467, 469-70 (5th Cir. 1999) (petition dismissed in state court as successive or an abuse of the writ was nevertheless a "properly filed application" which tolled the statute of limitations under S 2244(d)(2)).

We find these cases to be informative for the case at hand. Nara's motion to withdraw a guilty plea nunc pro tunc is certainly akin to an application for state post-conviction or other collateral review. The PCRA trial court accepted the motion, allowed the parties to brief the motion, and made a full consideration of the record before denying it. Indeed, Nara notes that his motion merely followed what the Superior Court suggested when that court disposed of Nara's second PCRA petition. See Br. of Appellant at 23-24. Lastly, Nara contends that it is not uncommon for Pennsylvania courts to accept motions to withdraw guilty pleas nunc pro tunc. See, e.g., Commonwealth v. Clark, 296 Pa. Super. 315, 442 A.2d 786 (1982). Thus, we hold that Nara's motion to withdraw his guilty plea nunc pro tunc was a "properly filed application for State post-conviction or other collateral review" within the meaning of S 2244(d)(2).

We turn next to determine how long Nara's motion was "pending" under S 2244(d)(2). The District Court agreed with the Magistrate Judge that the latest date it was "pending" was December 8, 1997, the date on which the

9

Pennsylvania Supreme Court denied Nara's petition for allowance of appeal. It followed that the last date on which Nara could have timely filed his habeas petition was December 7, 1998, making his actual filing on December 12, 1998 untimely.

On appeal, Nara argues that his motion was "pending" at least until expiration of the time to seek reconsideration by the Pennsylvania Supreme Court (14 days), if not until expiration of the time for petitioning the United States Supreme Court for certiorari (90 days). In support of this contention, Nara cites our decision in Kapral v. United States, 166 F.3d 565 (3d Cir. 1999). In that case, we considered 28 U.S.C. S 2255, the habeas provision for federal prisoners which requires that a motion challenging a sentence be filed within one year of "the date on which the judgment of conviction becomes final." The district court had ruled that Kapral's motion was untimely because it was filed more than one year after the Court of Appeals affirmed the defendant's conviction and sentence. We reversed, stating that "the judgment of conviction does not become `final' until the time for seeking certiorari review expires . . . [because] [o]nly when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence." Kapral, 166 F.3d at 570-71. We stated that any holding to the contrary would invite simultaneous proceedings in the Supreme Court and district court which "would only impair the orderly administration of criminal proceedings." Id.  at 572. We noted that the same reasoning applied to the definition of "final" judgments under S 2244(d)(1)'s one-year limitation. Id. at 574-75.

The issue in Kapral was different than the one before us now. In Kapral, we considered when a judgment is "final" under S 2244(d)(1), not how long a state application for collateral review is "pending" for the purposes of S 2244(d)(2). In our subsequent opinion in Swartz, we turned to the definition of "pending." See  204 F.3d at 421. A trial court denied Swartz's PCRA petition and the Superior Court affirmed on October 18, 1996. Swartz did not file a timely petition for allowance of appeal to the

10

Pennsylvania Supreme Court, but instead filed a motion for permission to file a petition for allowance of appeal nunc pro tunc, which was denied by the Pennsylvania Supreme Court on May 2, 1997. Swartz then filed a habeas petition under 28 U.S.C. S 2254 on October 29, 1997. The district court dismissed the habeas petition as untimely.

We granted Swartz a certificate of appealability and held that the petition was timely. We noted that "pending" is defined as:

> [b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminancy. Thus, an action or suit is "pending" from its inception until the rendition of final judgment. An action is "pending" after it is commenced by either filing a complaint with the court or by the service of a summons.

Id. at 421 (quoting Black's Law Dictionary, 6th ed. p. 1134 (1990)) (emphases omitted).

We determined in Swartz that "pending" under S 2244(d)(2) should be defined to dovetail with our holding in Kapral as to when a judgment becomes"final" under S 2244(d)(1)(A). Thus, we held that "pending" for the purposes of S 2244(d)(2) (when an application for state post-conviction or collateral review is "pending")"includes the time for seeking discretionary review, whether or not discretionary review is sought." Id. We so concluded because "[i]f Swartz had attempted to seek federal habeas corpus relief while there was still time to seek allowance of appeal, the petition would automatically be dismissed for failure to exhaust state remedies." Id. at 422. Accordingly, we ruled that Swartz's habeas petition was timely because it was filed within one year of the expiration of time to seek review in the Pennsylvania Supreme Court. See id. at 424–25.

Nara argues that Swartz supports an interpretation of "pending" to include the 14 days during which a prisoner could have filed a motion for reconsideration to the Pennsylvania Supreme Court under Pa. R. App. P. 1123(b),

11

as well as the 90 days allowed to petition for certiorari review to the United States Supreme Court pursuant to U.S. Sup. Ct. Rule 13. However, in Swartz, we specifically noted that "[w]e need not delve into the issue whether `pending' includes the time to file a petition for a writ of certiorari in the United States Supreme Court because that question is not presented by this appeal." 204 F.3d at 421 n.5.

The issue has since been presented in Stokes v. District Attorney of the County of Philadelphia, 247 F. 3d 539 (3d Cir. 2001), a case that was decided after oral argument in this case. In Stokes, as in this case, the issue was calculation of the period in which the state collateral proceeding should have been deemed to be pending. The habeas petitioner argued, as does Nara here, that it should include the 90 days during which he could have filed a certiorari petition to the United States Supreme Court, even though no such petition had been filed. We rejected the argument. We noted that while S 2244(d)(1) explicitly provides that the date on which a judgment becomes final includes the "expiration of the time for seeking[direct] review," S 2244(d)(2) (the tolling provision) contains no such language. See id. at 542. We further recognized that excluding the 90 days under S 2244(d)(2) "is consistent with the requirement that a petitioner exhaust state remedies prior to instituting a federal habeas petition" because " `[s]uch exhaustion does not include seeking certiorari from the state court's denial of post-conviction relief.' " Id. (quoting Snow v. Ault, 238 F.3d 1033, 1036 (8th Cir. 2001)).

Additionally, we noted that the terms "properly filed application" and "pending" in S 2244(d)(2) presuppose that the petitioner actually filed a petition for certiorari review as to which a decision had not yet been rendered by the Supreme Court. See id. at 543 (citing Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000)). We held that the 90 days should not be considered in calculating the tolling period under S 2244(d)(2), in part because Stokes had not filed a petition for certiorari review.

All the courts of appeals to have considered this issue have held that the 90-day period during which a state

12

prisoner may file a petition for a writ of certiorari to the Supreme Court from the denial of his post-conviction appeal does not extend the time in which a state collateral attack is pending for purposes of the tolling period under S 2244(d). See, e.g., Isham v. Randle, 226 F.3d 691 (6th Cir. 2000), cert. denied, 121 S. Ct. 1211 (2001); Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000), cert. denied, 121 S. Ct. 1129 (2001); Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999), cert. denied, 529 U.S. 1099 (2000); Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000).

Stokes forecloses Nara's argument that the 90 days during which he could have filed a petition for a writ of certiorari should be counted for purposes of tolling of the one-year statute of limitations. Nara, like Stokes, did not file a petition for certiorari to the United States Supreme Court. Therefore, there was no "properly filed application" that was "pending" within the meaning of S 2244(d)(2).4

We turn now to whether the 14 days allowed under Pa. R. App. P. 1123(b) to seek reconsideration by the Pennsylvania Supreme Court should be counted in the tolling analysis. Our decision in Lovasz, 134 F.3d 146, appears to foreclose this possibility. There, we held that a state prisoner's second PCRA petition was pending until the Pennsylvania Supreme Court denied his petition for allowance of appeal. See id. at 149. No consideration was given to the 14 days during which the prisoner could seek reconsideration. Similarly, we rule that Nara's motion to withdraw his guilty plea was pending up until the Pennsylvania Supreme Court denied his petition for allowance of appeal.

It is true that some language in our subsequent decision in Swartz seems to suggest a different result. There, we stated that " `pending' includes the time for seeking discretionary review, whether or not discretionary review is

_____

4. For this reason, Morris v. Horn, 187 F.3d 333 (3d Cir. 1999), does not apply to Nara's case. In that case, the petitioner had sought certiorari review in the Supreme Court of the denial of his post-conviction petition; therefore, the period during which the Supreme Court considered and denied the writ of certiorari was counted in the tolling analysis.

13

sought." Swartz, 204 F.3d at 421. But Swartz specifically dealt with the time in which a petition for allowance of appeal could be brought to the Pennsylvania Supreme Court. We recognized that this period must be counted in the tolling analysis because a contrary holding would force a petitioner to file a habeas petition before exhausting state remedies. See id. at 422. The same is not true for the 14-day period to file a motion for reconsideration. Once the Pennsylvania Supreme Court denies review the first time, the state prisoner may file a habeas petition in federal court; s/he obviously need not file a motion for reconsideration in order to exhaust the state remedies. Therefore, the principles of comity that guided our holding in Swartz do not apply in Nara's case.

As we noted in Stokes, S 2244(d)(2) uses the terms "properly filed" and "pending." See 247 F.3d at 543. If Nara had indeed filed a motion for reconsideration, that motion would be "pending" in the Pennsylvania Supreme Court until it was decided by that court. However, because Nara did not file a motion to reconsider, nothing was "properly filed" or "pending." Therefore, we reject Nara's argument that the 14 days during which he could have filed a motion to reconsider should have been counted to toll the one-year statute of limitations under S 2244(d). Consequently, we agree with the District Court that the latest date on which Nara could have filed his habeas petition within the statutory requirements of 28 U.S.C. S 2244(d) was December 7, 1998.

C. Equitable Tolling

Nara also argues that we should apply principles of equitable tolling to render Nara's petition for habeas corpus timely. In Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998), we explained that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Id. at 618 (quotation omitted). "[T]his will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." Id. (quotation omitted). In such cases, the petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. . . . Mere excusable neglect is not

14

sufficient." Id. at 618-19 (quotation omitted). In Jones v. Morton, 195 F.3d 153 (3d Cir. 1999), we added that "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Id. at 159 (quotation omitted). Thus in Miller, we vacated the dismissal of petitioner's motion for extension of time to file habeas petition and remanded for consideration of petitioner's claims that he was prevented from filing a timely petition because he was in transit between various institutions and did not have access to his legal documents. See 145 F.3d at 617.

Nara contends that there are extraordinary circumstances to justify equitable tolling in his case. First, he argues that his mental health problems are extraordinary circumstances, and cites to the Ninth Circuit's decision in Calderon v. U. S. Dist. Court for Cent. Dist. of Cal., 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 525 U.S. 891 (1999). There the court, sitting en banc, upheld the district court's finding thatS 2244(d)(1)'s one-year limitations period should be equitably tolled, in part because the habeas petitioner's mental incompetency prevented him from assisting his attorney in the ongoing habeas proceeding. See id. at 541. In fact, the district court had explicitly stayed the habeas proceedings in order to determine the petitioner's mental capacity to proceed. See id. Thus, extraordinary circumstances existed in Calderon to justify equitable tolling.

However, we have recognized that mental incompetence is not a per se reason to toll a statute of limitations. See Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000). Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition. See Miller, 145 F.3d at 618 (holding that principles of equity may apply if the petitioner was prevented from asserting his or her rights). In Nara's case, there was no evidence in the record that Nara's current mental status affected his ability to present his habeas petition. However, because Nara originally filed his habeas petition pro se, and because he has presented evidence of ongoing, if not consecutive, periods of mental incompetency, an evidentiary hearing is warranted in order to develop the record.

15

Also troubling is Nara's contention that his attorney in the third PCRA proceeding (in which the PCRA petition was withdrawn in favor of the motion to withdraw Nara's guilty plea) effectively abandoned him and prevented him from filing the habeas petition on time. In Nara's application for a certificate of appealability, he listed multiple ways in which he was allegedly prejudiced by his attorney's failures. He claims that his attorney failed to inform him when the Pennsylvania Supreme Court denied review of his motion to withdraw his guilty plea; that his attorney refused to remove herself as appointed counsel after the Pennsylvania Supreme Court decision, thus preventing him from "moving his case forward," App. at 179; that his attorney led him to believe that she was going to file the federal habeas petition on his behalf; and that his attorney told him that there were no time constraints for filing a petition. These are serious allegations, if true.

These allegations may constitute extraordinary circumstances to justify equitable tolling. As we held in Miller and other cases, courts have discretion to apply principles of equity when the petitioner has been unfairly prevented from asserting his rights in a timely fashion. We believe that an evidentiary hearing on these allegations is warranted.

III.

CONCLUSION

We reject Nara's contention that his petition was timely under the language of S 2244(d). However, we will vacate the denial of the habeas petition as untimely and remand to the District Court with the direction to hold an evidentiary hearing on whether the circumstances warrant equitable tolling. We suggest no opinion on the outcome.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

16