James SULLIVAN, Petitioner,

v.

Commonwealth of PENNSYLVANIA, et. al., Respondents.

No. 00–CV–4011.

United States District Court, E.D. Pennsylvania.

Nov. 1, 2002.

cause petitioner's second petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS.STAT.ANN. § 9541 *et. seq.,* filed on June 17, 1996, was not "properly filed," and therefore did not toll the one year statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act of 1996 Title 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one year statute of limitations). I fully adopt Magistrate Judge Reuter's report and recommendation and supplement it insofar as it rejects the petitioner's claim that the petitioner's second PCRA appeal was "properly filed" for the purposes of tolling the statute of limitations period under § 2254(d)(2).

## B. Discussion

■ The Court of Appeals for the Third Circuit follows a "flexible approach" in determining whether a petition is "properly filed" for purposes of § 2244(d)(2). *Nara v. Frank,* 264 F.3d 310, 315 (3d Cir.2001). A "properly filed" application is one that is "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). Also, the question whether an application has been properly filed "is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Artuz v. Bennett,* 531 U.S. 4, 9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

The Pennsylvania court specifically ruled that petitioner's PCRA petition was untimely under Pennsylvania law. With respect to petitioner's second PCRA petition filed on July 17, 1996, the Pennsylvania Superior Court concluded that the lower court had properly dismissed this petition because it was not filed "timely."

David M. McGlaughlin, Newman and McGlaughlin, P.C., Philadelphia, PA, Jeffrey M. Brandt, Cincinnati, OH, for Petitioner.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

## A. Background

The petitioner's conviction for robbery and murder became final on March 24, 1979, and thus petitioner's one year time period for filing his habeas petition began running on April 24, 1996, and so he was required to file his federal habeas action by April 23, 1997. Petitioner filed his petition on May 4, 2000 in the Middle District of Pennsylvania, and the petition and record were transferred to this district by order dated August 2, 2000 and recorded on the docket on August 9, 2000. Magistrate Judge Reuter found, therefore, that petitioner's habeas corpus petition was untimely. Magistrate Judge Reuter also denied petitioner's writ of habeas corpus be-

Significantly, in affirming the lower court's dismissal of the petition, the Superior Court found that the petitioner did not allege that the failure to raise his claims previously was the result of: (1) interference by government officials; (2) based upon newly discovered facts; nor, (3) based upon a newly recognized constitutional right. *Commonwealth v. Sullivan*, 726 A.2d 416 (Pa.Super.1998).[1] The Pennsylvania Supreme Court denied allocatur on May 4, 1999.

 Under the law of the Third Circuit, the federal courts must defer to the State courts when they specifically rule that a petition is untimely as a matter of State law. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) (holding that Fahy's petition was not "properly filed" for the purposes of § 2244(d)(2) because "the Pennsylvania Supreme Court has specifically ruled that Fahy's PCRA petition was not properly filed as a matter of state law ... Fahy's petition was therefore not stat-

utorily tolled because his PCRA petition was not properly filed").[2] Therefore, as Magistrate Judge Reuter determined, it is clear that because petitioner's second PCRA petition was not "properly filed," it did not toll the one-year statute of limitations on petitioner's instant habeas corpus petition filed on May 4, 2000. The petitioner's writ of habeas corpus will be dismissed. An appropriate Order follows.

## ORDER

**AND NOW**, this day of October 2002, upon careful and independent consideration of the pleadings and record therein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Reuter, it is hereby **ORDERED:**

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**

(2) The petition for a writ of habeas corpus is **DISMISSED**; and

---

1. PCRA § 9545(b)(1) sets forth stringent rules or conditions for obtaining relief from a conviction under Pennsylvania law. The relevant part of the subsection provides that:

 (b) Time for filing petition.—
 (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
 (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
 (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
 42 Pa. Cons.Stat.Ann. 9545(b).

2. *Nara v. Frank*, 264 F.3d 310 (3d Cir.2001) does not overrule *Fahy*.

But, § 9545(b)(1) is not an absolute bar to filing a second or successive petition more than one year after a conviction became final. *Pace v. Vaughn*, No. Civ.A 99–6568, 2002 WL 485689, at *6, (E.D.Pa. March 29, 2002) (holding that even though Pace's second PCRA petition was untimely under Pennsylvania law, it was "properly filed" for the purposes of federal law and tolled the AEDPA's statute of limitations). Because § 9545(b)(1) contains exceptions that require the state court to examine the merits of the petition before it can be dismissed as time barred, the court in *Pace* found that § 9545(b)(1) imposes conditions for obtaining relief and not as an absolute bar to filing a petition, and that therefore the petition can be "properly filed" for the sake of tolling § 2254(d)(2). None of the exceptions provided for by § 9545(b)(1)(i–iii) were alleged by the petitioner to apply in this case. Thus, it is not even remotely arguable under *Pace* that petitioner's second PCRA petition was "properly filed" for the purposes of tolling the AEDPA's statute of limitations.

(3) A certificate of appealability is *not* granted.