

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2003

# Phillips v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket 02-2109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Phillips v. Vaughn" (2003). *2003 Decisions.* Paper 837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2109

AARON PHILLIPS,

Appellant

v.

DONALD T. VAUGHN, SUPERINTENDENT,
S.C.I.G.; THE DISTRICT ATTORNEY
OF THE COUNTY OF MONTGOMERY;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 01-cv-04529
District Judge:  The Honorable John P. Fullam

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2003

Before: SCIRICA, BARRY, and SMITH, Circuit Judges

(Opinion Filed: January 29, 2003)

OPINION

BARRY, Circuit Judge

1

Because we write primarily for the parties in this case, we will dispense with a full recitation of its facts. Appellant Aaron Phillips appeals from the denial of a writ of habeas corpus over which our review is plenary. Scarbrough v. Johnson, 300 F.3d 302, 305 (3d Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291.

In January of 1988, following a bench trial, appellant was tried and found guilty of second degree murder, aggravated assault, simple assault, robbery, burglary, theft by unlawful taking, criminal conspiracy, and recklessly endangering another person. He was sentenced to life imprisonment on the murder charge and to concurrent terms of imprisonment on the remaining charges. On April 18, 1990, the Superior Court of Pennsylvania affirmed the judgment of sentence, and on March 28, 1991, the Pennsylvania Supreme Court denied allocatur. Appellant filed his first PCRA petition on July 27, 1995; this petition was dismissed on January 30, 1998, and the dismissal was affirmed by the Superior Court on October 21, 1998. Review by the Pennsylvania Supreme Court was never sought.

Appellant's second PCRA petition alleging ineffective assistance by his initial PCRA counsel was filed on June 28, 1999. This petition was dismissed for untimeliness, and the dismissal was subsequently affirmed, with the Superior Court agreeing that the petition was untimely and that no exception to the limitations period applied. On January 8, 2001, the Supreme Court denied the petition for review.

According to affidavits furnished by appellant, the federal habeas petition whose denial we now review was dated March 28, 2001, but was misplaced by the prison and not

2

located until August 28, 2001, at which time it was mailed and filed as of September 6, 2001. In a Report and Recommendation, the Magistrate Judge recommended dismissal of the petition as untimely. The Report and Recommendation was adopted by the District Court on March 18, 2002, and this appeal ensued.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996, and established a one- year statute of limitations for federal habeas corpus petitions filed by a person in state custody. Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998). Because appellant's conviction became final prior to that date, he had one year from that date, i.e. until April 23, 1997, to initiate federal habeas corpus proceedings. Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002). The District Court, however, determined that because the one year statute of limitations was tolled while appellant had a properly filed PCRA petition – his first PCRA petition – pending, see 28 U.S.C. § 2244 (d) (2), appellant had until November 21, 1998 to file a petition for review with the Pennsylvania Supreme Court and until November 22, 1999 to file a federal habeas corpus petition. His habeas petition, of course, was filed much later than that whether we view the filing date as March 28, 2001 or September 6, 2001. Appellant argues, however, that under the doctrines of statutory and equitable tolling, his untimely second PCRA petition was "properly filed" and his federal habeas petition should not, therefore, have been dismissed as untimely.

**Statutory Tolling**

In its dismissal of the federal petition as untimely, the District Court relied on the proposition that "only a properly filed petition for state collateral relief can toll the statute of limitations for filing a federal habeas petition", and that "properly filed" is defined as "being submitted in accordance with the state's procedural requirements". Fahy v. Horn, 240 F.3d 239, 243-44 (3d Cir. 2001).

Appellant does not attempt to distinguish Fahy, arguing only that Fahy is not controlling on the statutory tolling question but that Nara v. Frank, 264 F.3d 310 (3d Cir. 2001) is, and that a time-barred petition may still be "properly filed" as a matter of federal law. He is wrong. On June 17, 2002, the Supreme Court effectively overruled that portion of Nara which held that petitions untimely under state rules nonetheless may be deemed "properly filed." Carey v. Saffold, 122 S.Ct. 2134 (2002). Carey made quite clear that to be deemed "properly filed," an application for collateral review in state court must satisfy the state's timeliness requirements. See also Artuz v. Bennett, 531 U.S. 4 (2000). Thus, there is no support for appellant's argument that the limitations period with respect to his case should have been statutorily tolled.

**Equitable Tolling**

We have held that a statute of limitations may be equitably tolled in three circumstances: (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has, in an extraordinary way, been kept from asserting his rights, or (3) if the plaintiff has timely asserted his rights unwittingly and incorrectly in the wrong forum. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Appellant argues that he was prevented from timely asserting his rights in the right forum because he had to file a second PCRA petition in order to exhaust his remedies after his first PCRA attorney failed to seek review in the Pennsylvania Supreme Court. Appellant argues that his second PCRA must, therefore, be viewed through the lens of fundamental fairness as an "extension" of his first PCRA, and that he should be deemed to have asserted his rights in a timely fashion, albeit in the wrong forum.

These arguments are unavailing. Appellant has not demonstrated that he, in some extraordinary way, was prevented from asserting his rights and he does not allege that he was misled in any way. Moreover, unlike in Fahy, the state law regarding timeliness that is at issue here was well-settled and unquestioned. Finally, there is utterly no basis for finding that the second PCRA petition was timely filed in the wrong forum. The petition was simply untimely.

The Order of the District Court will be affirmed.

/s/ Maryanne Trump Barry
Circuit Judge

.