

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2006

# USA v. Crute

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Crute" (2006). *2006 Decisions*. Paper 1556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3107

UNITED STATES OF AMERICA

v.

ROBERT CRUTE,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 96-cr-00083-1
District Judge: The Honorable James F. McClure, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2006

Before: RENDELL and SMITH, *Circuit Judges*,
IRENAS, *District Judge*[*]

(Filed: February 22, 2006)

OPINION

---

[*]The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

SMITH, *Circuit Judge*.

Robert Crute appeals from an order by the United States District Court for the Middle District of Pennsylvania denying his third § 2255 motion as time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2255. The District Court had jurisdiction under 28 U.S.C. § 2244(b)(3). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise "plenary review over statute of limitations issues." *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Crute, while imprisoned for another federal offense, was convicted of assaulting a corrections officer with a dangerous weapon in violation of 18 U.S.C. § 111, and sentenced on September 12, 1996 to an additional ninety-six months' imprisonment. The conviction was based on the fact that Crute had thrown a liquid on a female employee in the prison's kitchen, causing her face to burn and to blister. Crute did not appeal his conviction.

The District Court dismissed Crute's initial § 2255 motion as untimely in October of 2001. On January 7, 2002, pursuant to a request under the Freedom of Information Act, Crute received a report of the chemical analysis of the substance that was thrown on the prison employee. The report indicated that the laboratory sample of the liquid thrown on the prison employee did not contain any corrosive or chemical agents. More than nine months later, on September 19, 2002, Crute filed a second § 2255 motion. On October 15, 2002, the District Court denied the motion as an unauthorized second or successive

application under 28 U.S.C. § 2244. Crute filed an appeal to this Court. We affirmed the dismissal of the second § 2255 motion in April of 2003.

Thereafter, on September 25, 2003, Crute filed a third § 2255 motion in the District Court for the Southern District of New York. After Crute's third petition was transferred to this Court, we authorized the filing of that petition under 18 U.S.C. § 2244(b)(2)(B). The motion was docketed in the District Court on June 21, 2004. Two days later, the District Judge issued a *sua sponte* order dismissing the motion as time-barred. The District Court recognized that we had authorized the filing of this successive § 2255 petition, but pointed out that we had not addressed the timeliness of the motion. The Court assumed that Crute learned of this new evidence regarding the laboratory analysis at the latest on January 7, 2002, when he received the FOIA response. As a result, it concluded that the one-year limitations period expired on January 7, 2003, almost nine months before Crute filed his third § 2255 motion. Crute filed a motion to alter or amend the judgment on July 8, 2004, arguing that the District Court used the wrong date in its calculations, and that his motion was brought under 28 U.S.C. § 2241. Because neither argument warranted vacating the dismissal, the District Court denied the motion to alter and amend on July 14, 2004.

This timely appeal followed. We granted a certificate of appealability on December 16, 2004, on the following issues:

> (1) whether the District Court erred in dismissing Crute's June 2004 § 2255 motion as untimely without providing Crute notice and an opportunity to respond; (2) whether Crute could present grounds for equitable tolling; (3)

whether actual innocence is a ground for equitable tolling; and (4) whether the District Court should have transferred rather than dismissed Crute's September 2002 § 2255 motion.

After granting Crute a certificate of appealability, we determined, sitting *en banc*, that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond. *See United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc). We agree with Crute that he was not formally notified before the District Court issued its order. Nevertheless he had an opportunity to respond to the statute of limitations issue in his motion seeking to alter or amend the judgment. For that reason, we find no error warranting remand in the District Court's *sua sponte* dismissal based on the one-year period of limitations.

Crute does not dispute in this appeal that his third § 2255 motion was time-barred. He submits, however, that the one-year limitations period should have been equitably tolled because he was misled by the prosecutor's failure to provide the chemical analysis of the substance. By withholding this document, Crute argues that the prosecution prevented him, in an extraordinary way, from asserting his actual innocence.

Equitable tolling is warranted "if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (internal quotation marks omitted) (quoting *Jones v. Morton*, 195 f.3d 153, 159 (3d Cir. 1999). Although the first and

4

second of these grounds may explain why the District Court assumed that the one-year period of limitations started to run on January 7, 2002, there is no basis for equitable tolling of the limitations period once Crute learned of the laboratory result. At that point in time, Crute was aware that he had to move with some dispatch in light of the fact that his first § 2255 motion had been dismissed as untimely. Moreover, the dismissal of his second § 2255 apprised him of the need to seek authorization from the appropriate court of appeals before he could proceed with another § 2255 motion. Although Crute had a little more than two months to seek the requisite authorization before the one-year statutory period expired, Crute waited until nine months after the one-year limitations period expired to even apply for permission to file his third § 2255 motion. Because Crute failed to pursue his rights diligently, there is no basis for equitably tolling the one-year statute of limitations. *See Pace v. Diguglielmo*, 125 S.Ct. 1807, 1814 (2005) (observing that litigant seeking to benefit from equitable tolling bears the burden of demonstrating that he pursued his rights diligently).

Crute submits that the laboratory analysis report establishes his actual innocence of the offense of assaulting a federal employee in violation of 18 U.S.C. § 111, and that his innocence merits equitable tolling. Section 111 of the Federal Crimes Code makes it unlawful to assault a federal employee and it prescribes an enhanced penalty if the assault either was committed by using a deadly or dangerous weapon, or resulted in the infliction of bodily injury. There is nothing in the statute, however, requiring proof that the assault was effected by the use of a caustic or corrosive agent. Thus, the fact that the laboratory

5

analysis failed to reveal the presence of a caustic or corrosive agent does not absolve Crute of violating § 111. For that reason, we need not determine whether an individual's actual innocence is a basis for equitable tolling.

Because we are reviewing the dismissal of Crute's third § 2255 motion, we lack jurisdiction to consider whether the District Court erred by dismissing Crute's second unauthorized § 2255 motion, instead of transferring it to this Court. To the extent that Crute is arguing that equitable tolling is warranted because he timely asserted his rights by filing his second § 2255 motion in the wrong forum, we reject that argument. We have iterated on several occasions that the doctrine of equitable tolling has a limited application and that "the petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." *Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (internal citations, quotation marks, and brackets omitted). Here, despite the fact that his second § 2255 motion was dismissed as unauthorized, Crute did nothing to seek the requisite permission from a court of appeals. Even after we affirmed the dismissal of the second § 2255 motion, Crute waited another five months before filing his third § 2255 motion, again in the improper forum of a district court. Crute's lack of diligence precludes granting his request for equitable tolling on the basis that he filed in the wrong forum.

We will affirm the judgment of the District Court.