NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1956
_____

KEITH L. KAMMERDEINER,

Appellant

v.

SUPERINTENDENT ALBION SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY ARMSTRONG COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-17-cv-00808)
Honorable David S. Cercone, United States District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 20, 2020

BEFORE:  GREENAWAY, JR., COWEN, and FUENTES, Circuit Judges

(Filed:  January 21, 2021)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Keith Kammerdeiner appeals from the order and judgment of the United States District Court for the Western District of Pennsylvania dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We will affirm.

I.

In 2013, Kammerdeiner was convicted in the Pennsylvania Court of Common Pleas of Armstrong County of rape (threat of forcible compulsion), aggravated assault, aggravated indecent assault (forcible compulsion), terroristic threats with intent to terrorize another, unlawful restraint/serious bodily injury, indecent assault (without consent of another), and risking a catastrophe. He was sentenced to an aggregate term of 120 to 240 months in prison. The state trial court denied Kammerdeiner's motion for a new trial on December 18, 2013, and Kammerdeiner did not file an appeal.

On October 3, 2014, Kammerdeiner filed a pro se petition for review under the Pennsylvania Post Conviction Relief Act ("PCRA"). The state PCRA court appointed counsel, who filed an amended PCRA petition. After an evidentiary hearing, the court denied relief on November 16, 2015. Kammerdeiner's counsel filed an appeal to the Pennsylvania Superior Court, and the state intermediate appellate court affirmed the denial of his PRCA petition on July 13, 2016.

Acting pro se, Kammerdeiner filed a § 2254 petition, which was dated June 8, 2017. The Magistrate Judge recommended "that the petition for writ of habeas corpus be dismissed as time-barred," because "no equitable tolling applies to remedy the untimeliness." (Appellant's Brief Attached App'x at 33A.) The District Court overruled

2

Kammerdeiner's objections to the report and recommendation, which the District Court approved and adopted as supplemented. Accordingly, the District Court dismissed the habeas petition as untimely (and denied any certificate of appealability).

Kammerdeiner appealed and filed an application for a certificate of appealability. This Court granted his request for a certificate of appealability as to two issues:

> As jurists of reason could reasonably debate these issues, the foregoing application for a certificate of appealability is granted as to: (1) whether the District Court correctly concluded, without holding an evidentiary hearing, that equitable tolling was not warranted to excuse the untimeliness of Kammerdeiner's habeas petition, see Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002); and (2) whether the District Court erred in dismissing, as procedurally barred, Kammerdeiner's claim that counsel was ineffective for failing to file a direct appeal, see Martinez v. Ryan, 566 U.S. 1, 9 (2012). We are satisfied that this claim "states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate of appealability is denied as to the other claims.

(Id. at 34A.) This Court also appointed counsel to represent Kammerdeiner.

## II.

"Appellant concedes that if equitable tolling does not apply, then his Habeas petition is late" (Appellant's Brief at 18).[1] See, e.g., 28 U.S.C. § 2244(d)(1)(A), (d)(2). Kammerdeiner argues that the District Court erred by concluding that equitable tolling

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 2254, and we have appellate jurisdiction under 28 U.S.C. § 1291. We generally exercise de novo review over a district court's application of the equitable tolling doctrine. See, e.g., Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012). The district court retains discretion to grant an evidentiary hearing. See, e.g., Schriro v. Landrigan, 550 U.S. 465, 473 (2007). In deciding whether to grant an evidentiary hearing, the district court considers whether such a hearing could enable a petitioner to prove factual allegations that, if true, would entitle the petitioner to relief. See, e.g., id. at 474.

was not warranted in this case without even holding an evidentiary hearing. According to him, he was entitled to at least an evidentiary hearing on equitable tolling on account of his own mental health issues and because he was abandoned by both trial counsel as well as his PCRA attorney. We, however, conclude that the District Court properly disposed of his federal habeas petition on timeliness grounds.

Mental illness does not constitute a per se reason to toll the limitations period, and, in order to warrant equitable tolling, "the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." Nara, 264 F.3d at 320 (citing Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). Kammerdeiner has presented evidence of some serious episodes of mental illness. However, the evidence is primarily concerned with the circumstances surrounding his arrest and subsequent trial. For example, he was admitted to the psychiatric emergency department for overnight observation on the night of the incident, diagnosed with an altered mental status with a principal diagnosis of psychosis, and, according to his own trial counsel, acted somewhat erratically at his preliminary hearing and his behavior became even more outlandish during the trial itself.

Kammerdeiner's appellate briefing does not offer any explanation for how his mental health problems hindered his ability to file a timely habeas petition. Instead, he simply cites in general to his mental health records and claims in a conclusory fashion that his long history of mental illness "undoubtedly affects his ability to comprehend the status of his case and his ability to pursue his own case." (Appellant's Brief at 25 (citing App'x Vol. II at 286A).) Furthermore, he contends that "it was not until Appellant met

4

an individual in jail [a prisoner named Ross Nicholas] who was willing to help him [that he could] file or even understand his option to file a habeas petition." (Id. at 25-26 (citing App'x Vol. I at 21A).) This individual (who Kammerdeiner had met during a mental health support group at the prison) was not a mental health professional and simply averred (without any further explanation) that "I assisted in the drafting of the federal habeas petition and supporting memorandum" based "on the limited information I was able to obtain from Mr. Kammerdeiner due to his mental illness." (App'x Vol. I at 47A.) We further note that, despite his mental health issues, Kammerdeiner was still able to file a pro se PCRA petition in a timely fashion and to testify at the subsequent evidentiary hearing conducted by the PCRA court (and was then able to file a federal habeas petition and obtain a certificate of appealability).

According to Kammerdeiner, he was abandoned by both his trial counsel, "who did not file a direct appeal on his behalf, despite Appellant requesting such" (Appellant's Brief at 19), and by his PCRA counsel, with whom he "had no further contact" after the denial of his PCRA petition and who, "unbeknownst to Appellant, filed an appeal and brief with the Pennsylvania Superior Court" while then failing to "advise Appellant of any other options after the appeal was denied" (id. at 25 (citing App'x Vol. I at 25A)).[2] He further asserts that "Appellant requested his case file and documents from his PCRA attorney and was never given such." (Appellant's Brief at 19; see also, e.g., App'x Vol. I at 47A (Nicholas averring that "Mr. Kammerdeiner only had a state court docketing

---

[2] James H. Wray, Esq., represented Kammerdeiner at trial, and Linda L. Ziembicki, Esq., was appointed counsel for his PCRA proceedings. According to Kammerdeiner, his PCRA attorney was disbarred in 2019 for unknown reasons.

statement and all attempts to retrieve the case record from counsel and the state court have been ignored").)

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). We have recognized that attorney malfeasance, when combined with reasonable diligence on the part of the petitioner, may trigger equitable tolling. See, e.g., Ross v. Varano, 712 F.3d 784, 800 (3d Cir. 2013). However, Kammerdeiner's vague assertions that he tried to obtain his case records were clearly insufficient to establish that he was acting with reasonable diligence in pursuing his own rights.

In addition, he was still able to file both a (timely) PCRA petition as well as an (untimely) federal habeas petition without the case documents (or the benefit of counsel). Kammerdeiner v. Clark, 2:17cv808, 2019 WL 1458683, at *2 (W.D. Pa. Apr. 2, 2019) ("Kammerdeiner did in fact file the instant petition although he apparently still does not have his case documents. Thus, Kammerdeiner cannot persuasively argue that his inability to procure his case file hindered his ability to timely file his Petition."). Likewise, there is no indication that Kammerdeiner ever notified the state courts that both trial and PCRA counsel had abandoned him. See, e.g., id. (observing, inter alia, that issue of trial counsel abandonment with respect to direct appeal was not raised in pro se

6

PCRA petition).[3]

III.

For the foregoing reasons, we will affirm the order and judgment of the District Court.

---

[3] Because we conclude that the habeas petition was untimely and that the District Court appropriately disposed of his equitable tolling allegations, we need not—and do not—decide whether the District Court erred in dismissing as procedurally barred Kammerdeiner's claim that counsel was ineffective for failing to file a direct appeal.