Michael D. STOKES Petitioner

v.

Donald VAUGHN, et al., Respondents

No. 00–CV–4483.

United States District Court,
E.D. Pennsylvania.

Nov. 17, 2003.

Barnaby C. Wittels, Lacheen, Dixon, Wittels & Greenberg LLP, Philadelphia, PA, Carole L. McHugh, Jenkintown, PA, for Petitioner.

John W. Goldsborough, Thomas W. Dolgenos, District Attorney's Office, Philadelphia, PA, for Respondents.

**MEMORANDUM**

ANITA B. BRODY, District Judge.

Michael Stokes ("Stokes") petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2003). Once again, the court is presented with a case in which a derelict attorney has compromised a client's ability to seek habeas corpus review by a federal court. As a result of the Third Circuit's recent holding in *Merritt v. Blaine,* 326 F.3d 157 (3d Cir.2003), and the most reasonable interpretation of the Pennsylvania Supreme Court's February 15, 2000 order in *Commonwealth v. Stokes,* No. 150 E.D. Misc. Dkt.1999, I will deny Stokes' federal habeas petition as untimely.

## I. Facts and Procedural History

On March 16, 1993, a jury found Stokes guilty of first degree murder, retaliation against a witness, possession of an instrument of crime, and criminal conspiracy. At the conclusion of the penalty hearing held on March 16, 1993, Stokes was sentenced to life imprisonment. The judgment of sentence was affirmed on May 30, 1995 and, on December 18, 1995, the Pennsylvania Supreme Court declined discretionary review. *Commonwealth v. Stokes*, 445 Pa.Super. 632, 664 A.2d 1060 (1995); *Commonwealth v. Stokes*, 542 Pa. 666, 668 A.2d 1130 (1995). Petitioner Stokes' conviction became final ninety (90) days later, on March 17, 1996, when the time allowed for filing a petition for a writ of *certiorari* to the United States Supreme Court expired. S.Ct. R. 13(1).

Following the conclusion of the direct review process, on September 6, 1996, Stokes filed a timely *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). 42 Cons.Stat. Ann. § 9541 *et seq.* After filing his initial PCRA petition *pro se*, Stokes was appointed PCRA counsel, Mr. Yung Lee, who filed an amended PCRA petition.[1] Stokes' amended PCRA petition was denied on the merits on March 25, 1998. A timely appeal was taken to the Superior Court, which affirmed the lower court on August 6, 1999. At this point, Stokes had thirty (30) days to file a petition for allowance of appeal with the Pennsylvania Supreme Court. This appeal period expired on September 5, 1999.

This is the point at which Stokes' story follows the path of too many habeas petitioners let down by inadequate attorneys. During the thirty (30) day period in which Stokes could have filed a petition for allowance of appeal with the Pennsylvania Supreme Court, Stokes sent his appointed attorney two letters dated August 18, 1999 and August 29, 1999, asking Attorney Lee to file an appeal with the Pennsylvania Supreme Court. Stokes' request was unambiguous. In pertinent part, the August 29, 1999 letter read:

> I am writing this letter for assurance just in case you didn't receive my August 18 letter ... I'm writing this letter because I never got a response from you; nor have you been returning any of my fathers [sic] phone calls. What the August 18th letter consisted of was I asked you to please file an allocatur to the Supreme Court in [sic] my behalf ... I also asked if you can tell me how long do [sic] I have in order to file a Federal Habeas Corpus?

Despite receiving this explicit request from his client,[2] Attorney Lee not only failed to file an appeal but also waited to notify Stokes of this fact until sending a letter dated September 16, 1999—10 days after the statute of limitations for filing an appeal had expired. At this point, Stokes had the option of filing a federal habeas petition despite having now failed to exhaust his state remedies, or attempting to correct the failure of his appointed attorney to file a timely appeal. On September 30, 1999, two weeks after receiving the September 16, 1999 letter from Attorney Lee, Stokes filed a *pro se* "Petition for

---

1. The Pennsylvania Rules of Criminal Procedure provide that the PCRA court appoint an attorney to represent a petitioner during his first PCRA petition if he demonstrates an inability to afford or otherwise procure counsel. *Commonwealth v. Kubis*, 808 A.2d 196, 200 (Pa.Super.2002) (citing Pa. R.Crim. P.

904(A)). This right extends to an appeal of the lower court's disposition of the petition. Pa. R.Crim. P. 904(E); *Kubis*, 808 A.2d at 199.

2. The letter was sent by Certified Mail, and receipt is indicated.

Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* )," to the Pennsylvania Supreme Court. On February 15, 2000, the Supreme Court of Pennsylvania denied Stokes' petition by issuing the following order:

> AND NOW, this 15[th] day of February, 2000, the Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* ) is denied.

Stokes filed the instant habeas petition on September 1, 2000, 199 days after the Supreme Court of Pennsylvania denied his "Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* )." According to the Commonwealth, Stokes' federal habeas petition was time-barred because his time to file a habeas petition ran out on April 22, 2000, 230 days after September 5, 1999, the date on which Stokes' time limit for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Alternatively, if Stokes were entitled to statutory tolling during the time in which his *pro se nunc pro tunc* petition was pending before the Pennsylvania Supreme Court, his federal habeas petition, filed on September 1, 2000, would be timely.

I initially referred the case to Magistrate Peter B. Scuderi for a Report and Recommendation. On May 30, 2001, Magistrate Scuderi filed a Report and Recommendation recommending that the matter be dismissed as time-barred. By Order dated July 9, 2002, I remanded the matter back to Magistrate Scuderi for a Supplemental Report and Recommendation addressing the merits of Stokes' petition.[3] I also allowed the parties to file additional responsive briefs. On April 17, 2003, Magistrate Scuderi filed a Supplemental Report and Recommendation again recommending that the petition be dismissed as time-barred.

## II. Discussion

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1) (2003). Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Stokes' conviction became final prior to the enactment of AEDPA. Because AEDPA became effective on April 24, 1996, and "we have implied from the statute a one-year grace period for those petitioners whose convictions became final before the effective date of AEDPA," the statute of limitations for Stokes' habeas petition did not begin to run until April 24, 1996. *Nara v. Frank*, 264 F.3d 310, 315 (3d Cir.2001), As of April 24, 1996, therefore, Stokes had one year to file a federal habeas corpus petition, subject to any applicable tolling provisions.

■ The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a "properly filed" application for state post-conviction review is pending in state court; and (2) equitable tolling, which is a judicially crafted exception.[4] *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir.2003).

**3.** I sent the matter back to Magistrate Scuderi because, following the issuance of the original Report and Recommendation, the Third Circuit's opinion in *Nara v. Frank*, 264 F.3d 310 (3d Cir.2001) suggested that Stokes' *nunc pro tunc* petition might constitute a properly filed application for purposes of tolling AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(1).

**4.** Petitioner Stokes does not have a basis for equitable tolling.

For purposes of federal habeas relief, Stokes' conviction became final on March 17, 1996, ninety (90) days after the Pennsylvania Supreme Court declined discretionary review and the time allowed for filing a petition for a writ of certiorari to the United States Supreme Court on direct review expired. S.Ct. R. 13(1) (stating that petitioners have ninety (90) days to file for a writ of *certiorari* ). Because Stokes did not have a petition pending before the state courts when AEDPA became effective on April 24, 1996, Stokes' one-year statute of limitations for filing a federal habeas petition began running on April 24, 1996. This period was tolled when, on September 6, 1996, Stokes filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act in state court. 42 Pa. Cons.Stat. Ann. §§ 9541–9546 (1998). At that time, 135 days had already run on Stokes' one-year federal habeas grace period, and 230 days remained. *See* 28 U.S.C. § 2244(d)(2).

 The dispositive question in this habeas petition is whether or not Stokes' *pro se* filing of a "Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* )" with the Pennsylvania Supreme Court was "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) such that it effectively tolled AEDPA's statute of limitations for filing a federal habeas corpus petition until it was disposed of on February 15, 2000.

In *Merritt v. Blaine,* 326 F.3d 157 (3d Cir.2003), the Third Circuit revisited what constitutes a "properly filed" application for state post-conviction relief for the purpose of tolling the federal habeas statute under 28 U.S.C. § 2244(d)(2). In *Merritt,* the petitioner failed to file his second PCRA petition within the time limits of the Pennsylvania Post Conviction Relief Act. 42 Pa. Cons.Stat. Ann. §§ 9541–46 (1998). However, in his belated second PCRA petition, Merritt alleged that he fit within one of the statutory exceptions to the PCRA's time bar.[5] Specifically, Merritt asserted that the exception for situations in which "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" applied to his case. 42 Pa. Cons.Stat. Ann. §§ 9545(b)(1)(ii). Although the PCRA court refused to apply the statutory exception and found Merritt's petition untimely, a decision which was subsequently affirmed by the Superior Court of Pennsylvania, Merritt argued that a state PCRA petition that is ultimately found to be untimely by a state court may nevertheless be "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) if the state statute provides, and petitioner asserts, a statutory exception to the statute of limitations. *Merritt,* 326 F.3d at 164.

Rejecting Merritt's argument, the Third Circuit held that "an untimely application

---

5. The Pennsylvania Post Conviction Relief Act provides for three statutory exceptions to the PCRA's time bar. Specifically, the three exceptions apply when the petition alleges, and the petitioner proves, that either (1) "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States"; (2) "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"; or (3) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa. Cons.Stat. Ann. §§ 9545(b)(1)(i)-(iii). The statute further provides that any petition invoking one of the three statutory exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § (b)(2).

for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed' under 28 U.S.C. § 2244(d)(2)." *Id.* at 159. In reaching this conclusion, the Third Circuit noted that it was bound by its earlier holding in *Fahy v. Horn* "that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition." *Id.* at 165 (quoting *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001), *cert. denied,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001)). Although, in *Fahy,* the petitioner did not assert a statutory exception to the PCRA timely filing requirements, the Third Circuit held that the constraints on the federal court were the same in both *Fahy* and *Merritt:* "when applying AEDPA, 'we must look to state law governing when a petition for collateral relief is properly filed' and 'defer to a state's highest court when it rules on an issue.'" *Id.* (quoting *Fahy,* 240 F.3d at 243–44). Therefore, since the state court determined that Merritt's PCRA petition was untimely, the Third Circuit concluded that it was not "properly filed" under AEDPA. *Id.* at 165–166.

The Third Circuit further noted that its opinion in *Merritt* followed the recent Supreme Court holding in *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In *Carey,* the Supreme Court considered whether the "reasonable" timeliness standard in California's post-conviction relief statute tolled AEDPA's statute

of limitations. After considering California's somewhat unique collateral review procedure in which a petitioner who seeks to appeal a dismissal of a state petition must file a second, original petition in a higher state court within a reasonable time, the Court held that if the state court petition was ultimately found untimely by the state court, AEDPA's statute of limitations would not be tolled. *Carey,* at 226, 122 S.Ct. 2134. Highlighting the deference which a federal court must give to a state court determination in this regard, the Court in *Carey* further held that "[i]f the California Supreme Court had clearly ruled that [petitioner's] 4½—month delay was unreasonable, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." *Merritt,* 326 F.3d at 166 (citing *Carey,* at 2141).

In this case, Stokes filed a "Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* )" along with a proposed, attached, and separately paginated "Petition for Allowance of Appeal (*Nunc Pro Tunc* )." In the February 15, 2000 order of denial, the Supreme Court of Pennsylvania referred only to Stokes' "Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc* )." Therefore, the only reasonable interpretation of the Pennsylvania Supreme Court's terse order is that Stokes' "permission" to petition the court was denied.[6] The nature

---

6. Although the Supreme Court of Pennsylvania denied Stokes' petition, in *Commonwealth v. Robinson,* No. 4 EAP 2002, 2003 WL 22410210, \*\*5–6, 837 A.2d 1157, ——, 2003 WL 22410210, at \*5, 2003 Pa. LEXIS 1944, at \*17–18 (Pa. Oct. 22, 2003), the Supreme Court of Pennsylvania suggested a possible alternative procedure for handling situations in which a PCRA petitioner's lawyer fails to file a brief on appeal from a timely PCRA petition. In *Robinson,* the Pennsylvania Su-

preme Court stated that in such circumstances, the state court could "remand the first PCRA petition for a hearing on counsel's failure and the advisability of sanctioning counsel or appointing new counsel; or, the court could issue a rule to show cause upon appellate counsel to explain his reasons for flouting the court's briefing order." *Id.* This suggests a procedure by which a *nunc pro tunc* petition which does not satisfy one of the exceptions to the PCRA timeliness require-

of Stokes' "permission" petition is such that the only reasonable inference to be drawn from the Pennsylvania Supreme Court's denial is that the petition was improperly filed. Given this interpretation and the Third Circuit's opinion in *Merritt*, AEDPA's statute of limitations was not tolled during the time in which Stokes' "Petition for Permission to Petition for Allowance of Appeal (*Nunc Pro Tunc*)" was pending. The applicable timeline is thus as follows: Stokes' one-year grace period for filing a federal habeas petition ran from April 24, 1996 until September 6, 1996, when it was tolled by Stokes' filing of a timely PCRA petition in state court. Subsequent to the expiration of the appeal period of Stokes' PCRA petition, on September 5, 1999, the one-year grace period once again began to run, giving Stokes a deadline for filing a federal habeas of April 22, 2000. Because Stokes' instant habeas petition, filed on September 1, 2000, is over four months past the deadline of April 22, 2000, I must deny federal habeas relief.

ments could nevertheless result in a determination on the merits.